RSHORTESS, Judge.
This appeal requires us to decide how much legal interest the present defendant, the Patients’ Compensation Fund (PCF), should pay on a settling health-care provider’s portion of a medical malpractice judgment.
Hussain Shaker (plaintiff) sued Dr. James R. Hatcher, his medical corporation, and its insurer, on December 27, 1990, for medical malpractice. On February 24,1993, the trial court approved a settlement between plaintiff and Hatcher, his medical corporation, and its insurer (now referred to as “the settling defendants”) for $100,000.00, the maximum malpractice exposure for any one health-care provider according to Louisiana Revised Statute 40:1299.42(B)(2). This settlement released the settling defendants from all further liability on this claim, including legal interest on the $100,000.00, since plaintiff did not expressly reserve the right to recover interest in the agreement.
On January 26, 1994, plaintiff pursued additional damages at trial against the PCF, a private fund authorized by Revised Statute 40:1299.44 to further compensate plaintiffs who prove damages greater than the $100,-000.00 limit set by 40:1299.42(B)(2). The trial court found plaintiff was entitled to damages greater than $100,000.00 and awarded him a total of $330,000.00, $285,000.00 for general damages and $45,000.00 for past and future medical expenses. It held the PCF liable for $230,000.00 with interest, by reducing the total award by $100,000.00, the amount of the settlement between plaintiff and the settling defendants. La. R.S. 40:1299.42(D)(5).
After the trial court signed the $330,000.00 judgment, the PCF deposited $374,451.15 into the court’s registry. Before calculating this sum, the PCF reviewed 40:1299.42(B)(2), the section addressing legal interest on a medical malpractice judgment. When plaintiff filed suit in December 1990, this section, as amended in October 1990, stated a qualified health-care provider is not liable for more than $100,000.00 “plus interest thereon accruing after April 1, 1991.” (Emphasis added.) Based on this amended section, the PCF determined the interest it owed as follows: 1) it calculated and included interest on the full laiudgment[1] ($330,000.00) accruing between September 1, 1988,[2] the date interest began to accrue, and April 1, 1991, the date after which a health-care provider is obligated to pay interest on its portion of a judgment according to 40:1299.42(B)(2); and 2) it calculated and included interest accruing after April 1,1991, until September 16,1994, the date it deposited the sum in the court’s registry, only on its portion of the judgment, $230,000.00. The PCF did not pay interest on the first $100,000.00 accruing after April 1,1991.
Plaintiff contested the PCF’s interest calculation and filed a motion to determine interest on November 21,1994,. Since plaintiff could not recover any legal interest on the $100,000.00 from the settling defendants, it sought to tax the PCF for all legal interest on the entire judgment, including interest accruing on the first $100,000.00 after April 1,1991.
The PCF objected to paying additional interest. It argued 40:1299.42(B)(2) specifically and unequivocally requires the settling defendants, collectively in the position of the health-care provider, to pay interest accruing after April 1,1991, on its $100,000.00 liability. Though plaintiff did not reserve his right to recover interest on this amount in the settlement document, the PCF argues it should not be penalized by having to pay the interest on the $100,000.00 after April 1, 1991.
*28 The PCF appeals the trial court’s March 25, 1996, amended judgment ordering it to pay the interest on the settling defendants’ $100,000.00 liability after October 1, 1990.[3] The PCF admits that for the period prior to April 1,1991, it is liable for the accrued legal interest on the entire judgment. It argues that after this date, the settling defendants were to be responsible for the accrued interest on the $100,000.00.
We agree with the PCF’s argument that it should not be liable for additional interest beyond what it has already paid. As the PCF noted in its post-trial | ¿memorandum, “When the plaintiff compromised his claim against the health care provider, he had every right to insist that [it] pay interest on the amount paid. In this case, he did not do so[,] instead agreeing to a compromise of his claims for the $100,000 principal. The PCF should not be penalized for the actions of the plaintiff, taken with full consideration and advi[c]e of counsel.”
The trial court’s written reasons for judgment explain the PCF is liable for the additional interest after October 1,1990, because, inter alia, the 1990 amendment to 40:1299.42(B)(2) was a substantive change and should be applied prospectively only. The parties in their appellate briefs also argue the issue whether the 1990 amendment to 40:1299.42(B)(2) should be applied prospectively or retroactively. We pretermit this issue since the PCF paid all interest due before April 1,1991, and the only issue for us to decide is, will it be obligated to pay interest on the $100,000.00 after April 1, 1991. According to 40:1299.42(B)(2), the settling defendants would have been obligated to pay the interest on the $100,000.00 after April 1, 1991, but they settled with plaintiff and are now permanently out of the litigation. Therefore, neither the settling defendants nor the PCF is obligated to pay additional interest. We reverse the part of the trial court’s amended judgment requiring the PCF to pay additional interest on the first $100,000.00 after April 1, 1991.[4] We affirm the judgment in all its other aspects. Plaintiff is cast with all appeal costs.
REVERSED IN PART, AFFIRMED IN PART.
KUHN, J., concurs.

. The PCF subtracted the amount awarded for future medical expenses from the total award.

. Interest began to accrue from the date plaintiff requested a medical review panel, September 1988.

. The amended judgment states in part that the PCF “is responsible for interest accruing after October 1, 1990 on the first one hundred thousand paid in this matter.” We do not understand why it used the October 1, 1990, date as a reference point. April 1, 1991, is the controlling date according to 40:1299.42(B)(2). The statute expressly states who is liable for interest after that date. The PCF has already paid all interest on the entire judgment through March 31, 1991.

. See note 3.