807 So.2d 827 (2002)
Jerrilyn and Jerome CONNER
v.
Dr. Howard STELLY, et al.
No. 2002-CC-0280.
Supreme Court of Louisiana.
January 30, 2002.
Dissenting Opinion February 7, 2002.
Dissenting Opinion of Chief Justice Calogero, February 7, 2002.
PER CURIAM.
Granted in part. Although payment of $100,000 in settlement establishes proof of liability for the malpractice and for damages of at least $100,000 resulting from the malpractice, at the trial against the Fund, the plaintiff has the burden of proving that the admitted malpractice caused damages in excess of $100,000. Graham v. Willis-Knighton Med. Ctr., 97-0188 (La.9/9/97), 699 So.2d 365. Accordingly, that portion of the trial court's judgment prohibiting the PCF from arguing or presenting evidence before the jury that victim or thirdparty fault caused any of the damages in this case is reversed. In all other respects, the application is denied. Case remanded to the trial court for further proceedings.
JOHNSON, J., dissents.
CALOGERO, C.J., dissents and will assign reasons.
WEIMER, J., dissents from the order, believing relator has an adequate remedy on appeal.
*828 CALOGERO, Chief Justice dissents and assigns reasons.
I dissent from the majority's determination that Graham v. Willis-Knighton Med. Ctr., 97-0188 (La.9/9/97), 699 So.2d 365, allows the patient's compensation fund to argue and present evidence of victim or third-party fault when the health care provider admits liability and tenders payment of $100,000. In Graham, this court held as follows:
[t]he legislative intent of "liability" in Section 1299.44 C(5) was that the payment of $100,000 in settlement establishes proof of liability for the malpractice and for damages of at least $100,000 resulting from the malpractice, which is a very significant benefit to the medical malpractice victim. However, at the trial against the Fund, the plaintiff has the burden of proving that the admitted malpractice caused damages in excess of $100,000.
Graham does not address whether the Patient's Compensation Fund (PCF) should be allowed to introduce evidence of victim and third party fault when the health care provider has admitted liability and tendered $100,000. That issue is res nova in this court and the matter should be granted and docketed for this court's careful consideration.
In this case, there is a strong argument against allowing the PCF to introduce victim or third party fault. Under the medical malpractice act, the total amount that can be recovered by a victim against a qualified health care provider in $100,000. The remainder, up to $500,000 (exclusive of future medical care and related benefits) can be recovered from the PCF. See La. Rev. Stat. 1299.42. Thus, the PCF must provide payment only when the health care provider has caused damages in excess of $100,000.
But, when the health care provider admits liability and tenders the $100,00 without trying third party or victim fault before the court, those issues becomes res judicata and cannot be urged again by the patient's compensation fund. Here, Dr. Stelley chose to admit liability and settle prior to trial and hence the PCF cannot relitigate what has already been admitted.
For the foregoing reasons, I respectfully dissent from the majority.