821 So.2d 479 (2002)
Mary FRANCOIS
v.
Pamela C. THIBODEAUX, et al.
No. 02-CC-1588.
Supreme Court of Louisiana.
June 12, 2002.
*480 PER CURIAM.
The application is granted. The judgment of the trial court denying the motion to dismiss is reversed for the reasons assigned by the dissenting judges in the court of appeal. See also, Walker v. Rinicker, 29,361 (La.App. 2 Cir. 9/6/96), 681 So.2d 1 and Abbott v. Parker, 259 La. 279, 249 So.2d 908, 915 (1971). ("A general rule of statutory construction is that, in the absence of legislative intent to the contrary, a special statute enacted for a particular purpose will not be presumed to have been within the scope of a subsequent general enactment on the same subject matter.... [I]n the event of ambiguity or conflict, special laws prevail over general laws.") In this case, the deadlines in the special law, La. R.S. 18:1409(D) prevail over the provisions of general law, La. C.C.P. art. 2126. The relevant statute, La. R.S. 18:1409(D) is clear and unambiguous in its requirement. It provides that "[w]ithin twenty-four hours after rendition of judgment, a party aggrieved by the judgment may appeal by obtaining an order of appeal and giving bond for a sum fixed by the court to secure the payment of costs." (Emphasis supplied.) Where the requirements of law are so straightforward, it is improper to resort to equity. See and compare, La. Civil Code arts. 4 and 9.
CALOGERO, C.J., would deny the writ.