# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1383


**ADAM CEASAR, SR., ET AL**

**VERSUS**

**DR. RICHARD J. BARRY, ET AL**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 89-6006
HONORABLE PATRICIA MINALDI, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## OSWALD A. DECUIR
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Oswald A. Decuir, Glenn B. Gremillion, and Elizabeth A. Pickett, Judges.

**AFFIRMED AS AMENDED.**

**Richard B. Cappel**
**Raggio, Cappel, Chozen & Berniard**
**P. O. Box 820**
**Lake Charles, LA 70602**
**(337) 436-9481**
**Counsel for Defendant/Appellee:**
    **St. Paul Fire & Marine Insurance Company**
    **Lake Charles Memorial Hospital**

**Peter T. Dazzio**
**Watson, Blanche, Wilson & Posner**
**P. O. Drawer 2995**
**Baton Rouge, LA 70821-2995**
**(225) 387-5511**
**Counsel for Defendant/Appellee:**
    **Dr. Richard J. Barry, et al.**

**Kenneth R. Spears**
**Attorney at Law**
**P.O. Box 1810**
**Lake Charles, LA 70602-1810**
**(337) 433-0707**
**Counsel for Plaintiff/Appellee:**
        **Adam Ceasar, Sr., et al.**

**M. Keith Prudhomme**
**Lundy & Davis, L.L.P.**
**P.  O. Box 3010**
**Lake Charles, LA 70602-3010**
**(337) 439-0707**
**Counsel for Defendant/Appellant:**
        **Louisiana Patients' Compensation Fund**

**Glen Carl Reynaud**
**Assistant Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804-9005**
**(225) 326-6300**
**Counsel for Plaintiff/Appellee:**
        **Adam Ceasar, Sr., et al.**

**DECUIR, Judge.**

For the third time, the Louisiana Patient's Compensation Fund appeals a ruling of the trial court in this medical malpractice case. At issue herein is whether summary judgment was properly granted in favor of the plaintiffs on the contested matters of comparative fault and damages. We amend the award of judicial interest and, as amended, affirm.

The facts of this case were set forth in both previous appeals. *See Ceasar v. Barry,* 02-52 (La.App. 3 Cir. 7/17/02), 823 So.2d 998, *writ denied,* 02-2515 (La. 9/19/03), 853 So.2d 630, and *Ceasar v. Barry,* 99-1733 (La.App. 3 Cir. 11/2/00), 772 So.2d 331, *writ denied,* 00-3291 (La. 2/2/01), 784 So.2d 8. Likewise, the procedural history is detailed in this court's prior opinions. Essentially, the plaintiffs alleged malpractice in the prenatal care provided to Mrs. Ceasar and in the May 15, 1987 delivery of their son, Adam, Jr., which resulted in dystocia, a type of permanent paralysis known as Erb-Klumpke Palsy, and possibly learning disabilities. This case has been pending since the plaintiffs filed a request for a medical review panel in 1988; Adam, Jr. is now seventeen years old.

During the course of this litigation, the treating physician's bankrupt liability insurer settled with the plaintiffs, and the physician admitted liability in causing the plaintiffs' damages. The plaintiffs then pursued their claim for excess damages against the Patient's Compensation Fund. Asserting there was no genuine issue of material fact on the question of the Fund's liability for excess damages, the plaintiffs moved for summary judgment. Attached to their motion was medical evidence of Adam, Jr.'s disabilities and future prognosis. After considering the motion, the trial court granted summary judgment and assessed damages at $500,000.00, plus future medical expenses. This court reversed. We remanded for a determination of "the

degree of comparative fault attributable to the various parties Defendant as well as for a precise determination of the quantum of damages." *Ceasar*, 823 So2d at 1001.

On remand, the plaintiffs again moved for summary judgment and offered the same evidence submitted at the original summary judgment hearing. The matter was heard by a different judge of the Fourteenth Judicial District Court. Once more, judgment was rendered in the plaintiffs' favor, and damages were assessed at $500,000.00, less a $100,000.00 credit reflecting the settlement with the treating physician's insurer. Future medical expenses were awarded as they accrue, and the $400,000.00 judgment was to be paid with legal interest from the date of filing.

In the instant appeal, the Fund contends the trial court erred in failing to assess the fault of Lake Charles Memorial Hospital and in awarding excessive damages based on insufficient evidence. In answer to the appeal, the plaintiffs argue the trial court erred in failing to award legal interest on the total damages of $500,000.00, in compliance with the terms of the Medical Malpractice Act, La.R.S.40:1299.42(B)(2), at the time suit was filed.

We find no error in the trial court's determination that the Fund failed to prove liability on the part of Lake Charles Memorial Hospital. As a matter of law, the Fund is prohibited from asserting the fault of other qualified health care providers, such as the hospital, who have been dismissed from suit after the plaintiff settled with another provider. *Stuka v. Fleming,* 561 So.2d 1371 (La.1990), *cert. denied*, 498 U.S. 982, 111 S.Ct. 513 (1990); *Turner v. Southwest Louisiana Hosp. Assoc.,* 03-237 (La. App. 3 Cir. 10/1/03), 856 So.2d 1237, *writ denied,* 04-826 (La. 6/4/04), 876 So.2d 89. At the time of this court's remand for a determination of comparative fault of the "various parties Defendant," the *Turner* case had not yet been decided, and the most recent pronouncement from the supreme court was *Connor v. Stelly,* 02-0280 (La. 1/30/02), 807 So.2d 827, a case which reiterated the long-standing rule that the Fund

2

does have the right to prove victim and third party fault in a trial for excess damages. The *Turner* case made clear that the term "third parties" does not encompass other qualified health care providers. This rule has now been made part of the Medical Malpractice Act. *See* La.R.S. 40:1299.44(C)(5)(b). Moreover, the Fund, in response to the plaintiffs' motion for summary judgment, offered no evidence to suggest independent negligence on the part of the hospital. Accordingly, even without the legal impediment to a finding of negligence on the part of Lake Charles Memorial Hospital, the record also contains no factual basis for such a finding.

The Fund likewise offered no evidence to refute the plaintiffs' request for the maximum award of damages. The plaintiffs presented medical evidence indicating orthopedic, psychological, and vocational disabilities which the Fund did not controvert. Accordingly, we find no manifest error in the award of damages, as it was adequately supported by the evidence in the record.

Turning to the dispute regarding legal interest, the plaintiffs request an award of interest on the entire $500,000.00 judgment, not merely on the amount for which the Fund is liable. The trial court held that interest was owed only on that amount which had not been tendered to the plaintiffs, or $400,000.00.

In medical malpractice cases, legal interest accrues from the date of the filing of the claim with the Patient's Compensation Fund Oversight Board. La.R.S. 40:1299.47(M). Legal interest "is intended to compensate ultimately victorious litigants for the value of money to which they are entitled and of which they have been deprived during the pendency of litigation." *Hall v. Brookshire Bros., Ltd.*, 02-2404, p. 25 (La. 6/27/03), 848 So.2d 559, 574. At the time this claim was initially filed on March 2, 1988, the Fund was responsible for all legal interest on a malpractice judgment, including the amount for which the health care provider was responsible or had already paid. In fact, in *Delome v. Tulane Education Fund,* 96-2051 (La.App.

3

4 Cir. 11/19/97), 703 So.2d 139, *writ denied*, 98-0110 (La. 4/3/98), 717 So.2d 1133, a $100,000.00 verdict was entered, the Fund received a credit for the $100,000.00 settlement paid by the health care provider, and judgment was rendered against the Fund for interest only on the $100,000.00 already paid. *See also*, La.R.S. 40:1299.42(B)(2).

Effective April 1, 1991, the statute was amended to provide for the payment of legal interest on the first $100,000.00 by the health care provider. Cases involving malpractice arising prior to that date, but litigated thereafter, have assessed the Fund with interest on the full amount of the judgment, including the health care provider's share, up to April 1, 1991, and on the excess judgment to the time of payment. *Brown v. Southern Baptist Hosp.,* 96-1990 (La.App. 4 Cir. 3/11/98), 715 So.2d 423, *writs denied*, 98-0959, 98-0986, 98-1186, 98-1348 (La. 5/29/98), 720 So.2d 335, 343, 672; *Delome,* 703 So.2d 139; *Shaker v. Hatcher,* 96-1283 (La.App. 1 Cir. 3/27/97), 692 So.2d 26. Other cases have held the Fund responsible for interest on the full amount of the judgment until paid, regardless of the credit in favor of the Fund and the effective date of the amendment. *Castillo v. Montelepre, Inc.,* 999 F.2d 931 (5th Cir. 1993); *Harden v. Southern Baptist Hosp.,* 94-2228, 94-2229 (La.App. 4 Cir. 10/12/95), 663 So.2d 443, *writ denied,* 95-2751 (La. 1/26/96), 666 So.2d 676.

The jurisprudence and statutory language compel the assessment of interest against the Fund for the full amount of the judgment up to April 1, 1991, the date on which health care providers became responsible for the payment of interest in all malpractice judgments and settlements rendered against them. After that date, the Fund is liable for interest only on the amount of any excess judgment rendered against it.

Finally, we have considered the plaintiffs' request for frivolous appeal damages. Although we recognize the distress caused by the continued delay of this matter, we

4

nonetheless decline to award frivolous appeal damages in this instance, where the Fund was previously successful in its appeal of the same issues presented herein. We will not hesitate to revisit this issue in the future, however, should we be presented with it again.

For the above and foregoing reasons, the judgment of the trial court is amended so as to award interest on the total $500,000.00 award of damages, such interest on the first $100,000.00 to run from the date of the request for review of the claim by a medical review panel up to April 1, 1991, and on the remaining $400,000.00 to run from the date of the request for panel review until paid. In all other respects, the judgment appealed from is affirmed. Costs of the appeal are assessed to the Fund.

**AFFIRMED AS AMENDED.**