STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

14-75


CURTIS LEDAY, ET AL.

VERSUS

ALBERT LIE, M.D., ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2010-4722, DIVISION "F"
HONORABLE WILFORD D. CARTER, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********


Court composed of Elizabeth A. Pickett, James T. Genovese, and Phyllis M. Keaty, Judges.


REVERSED.

**Patrick M. Wartelle**
**Leake & Andersson, L.L.P.**
**Chase Towers, Suite 603**
**600 Jefferson Street (zip 70501)**
**Post Office Drawer Z**
**Lafayette, Louisiana 70502**
**(337) 233-7430**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
**Special Assistant Attorney General and**
**Counsel for Dr. Albert Lie and the**
**Louisiana State University Board of Supervisors**
**as Owners of W. O. Moss Regional Medical Center**

**John L. Hammons**
**Nelson & Hammons**
**A Professional Law Corporation**
**705 Milam Street**
**Shreveport, Louisiana 71101**
**(318) 227- 2401**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
**Curtis Leday, Earline Edwards, Alfred Leday,**
**Lenora Gobert, and Janice Davis**

**Benjamin J. Guilbeau, Jr.**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**Post Office Box 2900**
**Lake Charles, Louisiana 70602-2900**
**(337) 436-9491**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Dr. William Condos, Jr.**

**GENOVESE, Judge.**

In this medical malpractice case, Defendants appeal the judgment of the trial court granting summary judgment in favor of Plaintiffs[1] on the issues of liability and damages. For the following reasons, we reverse.

## FACTUAL AND PROCEDURAL HISTORY

Edmund Leday presented to the emergency department at W.O. Moss Regional Medical Center (Moss Regional)[2] on November 2, 2006, and was diagnosed with congestive heart failure and pulmonary edema. Given his diagnosis of cardiac disease, pursuant to a contract between various hospitals, Mr. Leday was transferred to Lake Charles Memorial Hospital (Lake Charles Memorial) where he was evaluated by Dr. William Condos, Jr., a cardiologist, and underwent a diagnostic angiogram. Dr. Condos made the determination that Mr. Leday was in need of bypass surgery. Upon his discharge from Lake Charles Memorial on November 7, 2006, Mr. Leday was instructed to follow-up at Moss Regional to schedule his surgery.

Mr. Leday was not treated again until January 4, 2007, when he saw Dr. Albert Lie at Moss Regional. He returned to Dr. Lie on February 8, 2007, and March 8, 2007. On March 12, 2007, Mr. Leday returned to the emergency

---

[1]We note that the Petition filed in this case lists Curtis Leday, Earline Edwards, Alfred Leday, Lenora Gobert, and Janice Davis as Plaintiffs and identifies them as the major siblings of Edmund Leday. This pleading was never amended; however, the Motion for Summary Judgment filed herein does not include the name of Earline Edwards, but does include the names of Elaine Guillory, Ernest E. Williams, and Theo Edwards as movers. The motion itself, as well as the transcript of the hearing, repeatedly refers to movers as the major siblings of the deceased, Edmund Leday, and fails to acknowledge that three individuals were seemingly never added to the lawsuit and, at least according to Plaintiffs' Witness and Exhibit List, are, in fact, not siblings of Edmund Leday. Plaintiffs' Witness List identifies Elaine Guillory as the daughter of Earline Edwards, Ernest E. Williams as the grandson of Earline Edwards, and Theo Edwards as the son of Earline Edwards. This discrepancy is not at issue before this court, and we will simply refer to movers in the Motion for Summary Judgment as Plaintiffs.

[2]The Petition names W.O. Moss Regional Medical Center as a Defendant. In its Answer to Petition, Moss Regional appears formally as The Louisiana State Board of Supervisors as Owners of W.O. Moss Regional Medical Center. Throughout this opinion we shall simply refer to the hospital as Moss Regional.

department at Moss Regional suffering a myocardial infarction (heart attack). He was then transferred to Lake Charles Memorial where he died on March 16, 2007, without having had the bypass surgery recommended by Dr. Condos.

Plaintiffs filed the present action, asserting that acts of medical malpractice on the part of healthcare providers, Dr. Lie, Moss Regional, and Dr. Condos, caused Mr. Leday's death. On March 14, 2013, a Motion for Summary Judgment was filed by Plaintiffs, seeking a judgment only against Dr. Lie and Moss Regional on the issues of liability and damages. In response, on May 8, 2013, Defendants,[3] Dr. Lie and Moss Regional, filed a Memorandum in Opposition to Motion for Summary Judgment with attachments thereto. Thereafter, Plaintiffs filed a Motion to Strike Defendants' Opposition to Motion for Summary Judgment, Response to Plaintiffs' Assertion of Undisputed Facts, and All Attached Exhibits, asserting that the opposition and the attachments were not served "at least eight calendar days before the hearing" as required by La.Dist.Ct.R. 9.9(b). Additionally, citing La.Dist.Ct.R. 9.9(d), Plaintiffs argued that because Defendants failed to comply with La.Dist.Ct.R. 9.9(b), they were "precluded from oral argument[.]" Lastly, Plaintiffs set forth specific objections to attachments filed by Defendants with their Memorandum in Opposition to Motion for Summary Judgment.

Following a hearing, the trial court signed a judgment on August 1, 2013, granting Plaintiffs' motion to strike Defendants' opposition and granting their Motion for Summary Judgment on both liability and damages. Judgment was rendered in favor of Plaintiffs against Defendants for $572,433.89.

Defendants then filed a Motion and Order for New Trial. At the hearing on this motion, Defendants introduced into evidence the exhibits previously attached

---

[3]For purposes of this opinion and our discussion of the Motion for Summary Judgment, our reference to Defendants includes only Dr. Lie and Moss Regional, against whom summary judgment was sought.

to their opposition to Plaintiffs' Motion for Summary Judgment that had been stricken by the trial court. They also introduced the deposition transcript of Dr. Condos, which was not available at the first hearing since his deposition had been taken one day prior to the hearing. The motion for new trial was denied by the trial court by judgment of October 1, 2013. From said judgment, Defendants appeal. Plaintiffs sought to dismiss the appeal as being untimely. In its consideration of Plaintiffs' Motion to Dismiss Appeal, this court found "that although Defendants stated in their motion for appeal that they were appealing the judgment denying the motion for new trial, the arguments raised in Defendants' appellate brief demonstrate that Defendants intended to appeal the underlying summary judgment granted on the merits of the case." *Leday v. Lee*, 14-75, p. 1 (La.App. 3 Cir. 3/19/14) (unpublished opinion).[4] For these reasons, Plaintiffs' Motion to Dismiss the Appeal was denied.

## ASSIGNMENTS OF ERROR

Defendants present the following for our review:

ASSIGNMENT OF ERROR NUMBER 1:

The district court erred in granting summary judgment on liability where the testimony of Dr. Albert Lie, a defendant herein, creates material issues of fact as to whether or not a timely referral was made to LSU-HSC for Edmund Leday to have bypass surgery.

ASSIGNMENT OF ERROR NUMBER 2:

The district court abused its discretion in striking Defendants' opposition to Plaintiffs' Motion for Summary Judgment and in granting summary judgment on liability and damages based upon Plaintiffs' argument that Defendants' response to Plaintiffs' Motion for Summary Judgment was not timely.

---

[4]We note that the caption of that opinion mistakenly reads "*Dr. Albert Lee, et al.*" and misspells Dr. Lie's name.

ASSIGNMENT OF ERROR NUMBER 3:

The district court erred in granting summary judgment on liability where there exist genuine issues of material fact as to whether Lake Charles Memorial Hospital and its employee, Dr. William Condos, a cardiologist, and Dr. Leung, a nephrologist, were at fault.

ASSIGNMENT OF ERROR NUMBER 4:

The district court erred in not following this court's opinion in [*Ceasar v. Barry*, 02-52 (La.App. 3 Cir. 7/17/02), 823 So.2d 998, *writ denied*, 02-2515 (La. 9/19/03), 853 So.2d 630,] regarding presentation of [third] party fault to a jury.

ASSIGNMENT OF ERROR NUMBER 5:

The district court erred in granting summary judgment on liability where the attachments to Plaintiffs' [m]otion show that Edmond Leday was non-compliant with his medications from which the jury could infer that Edmond Leday was [at] fault in contributing to his own demise.

ASSIGNMENT OF ERROR NUMBER 6:

The district court erred in granting summary judgment where there exist genuine issues of material fact on causation as set forth by the affidavit of Dr. Mary Mancini.

ASSIGNMENT OF ERROR NUMBER 7:

The district court erred in granting summary judgment on damages where only two [P]laintiffs attached affidavits on damages, and part of the evidence was hearsay as to damages sustained by others.

ASSIGNMENT OF ERROR NUMBER 8:

The district court erred in granting summary judgment on damages as to the medical bills as they were unsigned, unsworn, hearsay, and were not established to have been caused by any breach of the standard of care.

ASSIGNMENT OF ERROR NUMBER 9:

The district court erred in granting summary judgment as to a medical bill for the patient's first hospitalization at Lake Charles Memorial Hospital in November of 2006 when there is no evidence whatsoever that there was a breach of [the] standard of care associated with that event.

<u>ASSIGNMENT OF ERROR NUMBER 10</u>:

The district court erred in granting damages where there exist serious issues as to the amount of damages sustained by Plaintiffs.

## **LAW AND DISCUSSION**

Relative to the standard of appellate review to be applied when considering a motion for summary judgment, this court has stated the following:

> We review this matter de novo. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La.4/11/94), 634 So.2d 1180. Accordingly, we must determine, using the same criteria applied by the trial court, whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B) and (C). The initial burden of proof is with the mover to show that no genuine issue of material fact exists.

*Davis v. Fortenberry*, 09-1463, p. 2 (La.App. 3 Cir. 5/5/10), 37 So.3d 514, 516, *writ denied*, 10-1493 (La. 10/1/10), 45 So.3d 1102.

At the outset, we note that the record contains allegations of comparative and third party fault as set forth in the pleadings. Specifically, Dr. Condos, the cardiologist who cared for Mr. Leday while he was a patient at Lake Charles Memorial, was named as a Defendant in Plaintiffs' Petition. Therein, Plaintiffs asserted that Dr. Condos was also guilty of negligence in that he "deviated from applicable medical standards with regard to the care and treatment that he provided to Mr. Leday[.]" In his Answer to Petition, Dr. Condos denied liability and alleged "fault or negligence of a third party for whom [he] is not legally or contractually responsible." Likewise, in the Answer to Petition filed on behalf of Defendants, Dr. Lie and Moss Regional, it is asserted that "[t]he claims are barred or should be reduced by application of comparative fault or negligence or the fault of another."

Further allegations of negligent actions on the part of Dr. Condos and his employer, Lake Charles Memorial, are found in documents introduced by Plaintiffs in support of their Motion for Summary Judgment. In correspondence of

5

August 12, 2008, directed to the medical review panel, Plaintiffs filed a Second Supplemental and Amending Claim wherein Dr. Condos and Lake Charles Memorial were added as additional healthcare providers. Included therein was the following:

> The patient/decedent presented to W. O. Moss Regional Medical Center emergency department on 11/2/06 with an onset of shortness of breath and rapid heart rate and was transferred to Lake Charles Memorial Hospital to the care of the defendant, Dr. Condos, who performed a cardiac angiogram and concluded that the patient had three-vessel cardiac disease for which he needed immediate coronary artery bypass grafting (CABG); nevertheless, Dr. Condos negligently discharged him with inadequate steps being taken to manage his care and to minimize the risk of further cardiac deterioration. Dr. Condos deviated from applicable medical standards by failing to give appropriate discharge instructions, failing to establish a timely visit for the patient after discharge, failing to establish an approximate time line for surgical intervention[,] and failing to insure that appropriate medications would be available to the patient. Lake Charles Memorial Hospital negligently failed to assure that the patient received appropriate medical care.

The record reveals that evidence relative to the foregoing allegations of comparative and third party fault is contained in the exhibits introduced by Plaintiffs in support of their Motion for Summary Judgment. Although Defendants have raised several assignments of error for our review on the issues of both liability and damages, and after having conducted a de novo review of the record, we find merit in Defendants' assertion that the trial court erred in granting summary judgment given the existence of genuine issues of material fact relative to comparative and third party fault which preclude the grant of summary judgment herein.[5] Our finding on this issue renders the remaining assignments of error moot.

___

[5]Such a determination in effect includes consideration of Assignment of Error Number 3, Assignment of Error Number 4, and Assignment of Error Number 5. Additionally, in reaching this conclusion, we recognize that an additional Assignment of Error raised by Defendants included the trial court's striking of their opposition and attachments to Plaintiffs' Motion for Summary Judgment. In that regard, we purposely render our decision herein solely on the evidence introduced by Plaintiffs and expressly note that the stricken evidence was not

The affidavit of Dr. Gary Sander, a cardiologist, was submitted in support of Plaintiffs' motion. Dr. Sander noted that following Mr. Leday's discharge from Lake Charles Memorial on November 7, 2006, he "was not given a follow up appointment until January 4, 2007[.]" According to Dr. Sander, this "was an unreasonable and unacceptable delay[.]" Defendants argue that although Dr. Sander opined that both Dr. Lie and Moss Regional were negligent, "the inference to be drawn from his statement that 'there was an unreasonable and unacceptable delay' is that Dr. Condos and/or the people at Lake Charles Memorial Hospital were at fault in not timely referring the patient back to Moss Regional." Additionally, Defendants note that Dr. Sander commented that "according to Dr. Lie, Moss Regional did not provide him with any of the medical records of Dr. Condos during his hospitalization at Lake Charles Memorial Hospital[.]" According to Dr. Sander, "[s]uch a system is inherently flawed, substandard and clearly contributed to Mr. Leday's subsequent demise." Defendants conclude that based upon Dr. Sander's affidavit, "a jury can easily conclude fault on the part of Dr. Condos and Lake Charles Memorial Hospital for failing to timely refer the patient back to Moss Regional and failing to send the records to Dr. Lie."

Also attached to Plaintiffs' Motion for Summary Judgment was the affidavit of Dr. Sheldon Kottle, a nephrologist retained by Plaintiffs.[6] Like Dr. Sander, Dr. Kottle opined that there was an unacceptable delay in Mr. Leday not being given a follow-up appointment until January 4, 2007, considering his condition in November 2006. Defendants argue that the affidavit of Dr. Kottle provides

_____

considered by this court. Therefore, we pretermit any discussion of whether this action constituted an abuse of the trial court's discretion.

[6]With the exception of the introductory paragraphs identifying the affiant and a final paragraph in the affidavit of Dr. Sander, the contents of the affidavit of Dr. Kottle and the affidavit of Dr. Sander are identical.

additional evidence upon which a fact finder may conclude that the delay was the fault of Dr. Condos and/or Lake Charles Memorial.

Plaintiffs also introduced into evidence the deposition of Dr. Michael Alexander, an internist who was a member of the medical review panel. Dr. Alexander was questioned about the delay from November 7, 2006, when Mr. Leday was discharged from Lake Charles Memorial by Dr. Condos, until January 4, 2007, when he was seen by Dr. Lie at Moss Regional. In Dr. Alexander's opinion, it was "too long" of a delay. When asked if the delay was because "someone dropped the ball[,]" Dr. Alexander opined that he did not "think the ball had been thrown or had reached its target until [Mr. Leday] shows up at Moss Regional in January[.]" Notably, Dr. Alexander also commented that Mr. Leday was noncompliant with taking his medications. Thus, although Dr. Alexander concluded that Dr. Lie and Moss Regional breached the standard of care, Defendants contend that his testimony also raises genuine issues of material fact relative to comparative and third party fault.

The deposition of Dr. Mike Mounier was likewise introduced into evidence in support of Plaintiffs' Motion for Summary Judgment. Dr. Mounier, an internist and cardiologist, was also a member of the medical review panel. Although Dr. Mounier found "a little bit of negativity" relative to the treatment by Dr. Condos, he testified that the medical review panel "did not put it as breaking the standard of care because I don't know what the standard [was] over there." However, in Dr. Mounier's opinion, Dr. Condos should have personally called Dr. Lie and told him that Mr. Leday needed "urgent bypass surgery." Based upon the information reviewed by the medical review panel, Dr. Mounier explained that "we did not know who to put the blame on, to be honest with you. There was so much commotion in the case. That's why we said, 'There is an issue. We're going

8

to let the court take care of it[.]'" Ultimately, Dr. Mounier felt that the medical care provided by Dr. Condos was excellent; however, he agreed that the delay was not acceptable, and he was of the opinion that Dr. Condos should have called Dr. Lie. Dr. Mounier characterized what transpired as "administrative communication" that failed, and he explained that the medical review panel "didn't know who is supposed to be blamed for it. Is it the administration of [Lake Charles] Memorial Hospital? Is it the administration of [Moss Regional] Hospital?" Additionally, Dr. Mounier found that the system was below the appropriate standard of care in that it did not provide a manner by which the medical records from Lake Charles Memorial are sent to Moss Regional for consideration. Dr. Mounier was clear that the medical review panel "did [find] something wrong and something sad[,] but [they] didn't know where to put the blame." Finally, Dr. Mounier, like Dr. Alexander, noted that the medical records showed that Mr. Leday was noncompliant. According to Dr. Mounier, the history conveyed by Mr. Leday to Dr. Condos documented that "the patient has not taken his medication in six months." Defendants assert that the testimony of Dr. Mounier provides further evidence of comparative and third party fault, which precludes the grant of summary judgment.

Based on the foregoing evidence, Defendants argue that the trial court erred in granting summary judgment. Defendants cite this court's decision in *Ceasar*, 823 So.2d 998, a medical malpractice case in which the trial court granted summary judgment in favor of the plaintiffs, wherein we found that there was an admission of liability after one of the healthcare providers paid the applicable limits. The Louisiana Patient's Compensation Fund (PCF) appealed, arguing that there were ongoing claims against another codefendant/hospital and that the hospital could have been found to also be at fault for plaintiffs' injury. The PCF

9

argued that any comparative fault attributed to the hospital would result in a reduction of the damages that it was obligated to pay. This court agreed that issues of comparative fault precluded the grant of summary judgment and that the trial court should have conducted a trial on the issues of comparative fault and damages. Thus, the trial court's grant of summary judgment in favor of the plaintiffs was reversed.

We agree with Defendants that *Ceasar* is instructive. Although Plaintiffs persistently argue that "[t]here exists no genuine issue of material fact that both Dr. Lie and [Moss Regional] committed medical malpractice which resulted in the damages suffered by Mr. Leday[,]" we find that there remain genuine issues of material fact relative to comparative and third party fault, and we agree with Defendants that "the fault of all of these actors should be quantified[.]" For the foregoing reasons, we find that the trial court erred in granting summary judgment on the issue of liability. Having so found, the trial court's grant of summary judgment on the issue of damages must, likewise, be reversed.

## DECREE

For the foregoing reasons, the judgment of the trial court granting summary judgment in favor of Plaintiffs on the issues of liability and damages is reversed. Costs of this appeal are assessed to Plaintiffs.

**REVERSED.**