JOAN BERNARD ARMSTRONG, Chief Judge.
| pístate Insurance Company (“Allstate”), the uninsured/underinsured motorist carrier for the plaintiffs, Leslie and Thomas Petty, appeals the summary judgment dismissing the defendants, Kelly Martin (“Martin”) and her insurer, State Farm Mutual Automobile Insurance Company (“State Farm”) with prejudice. For the reasons that follow, we affirm.
This suit arises out of a June 24, 2002, four-car chain reaction collision on Interstate-10 East, just past the Bullard Avenue exit. Martin drove the lead vehicle. The plaintiff, Leslie Petty (“Petty”) drove the next vehicle followed by Walter Veit (“Veit”) who in turn was followed by the fourth vehicle driven by Joseph Beachler (“Beachler”). The following facts are undisputed by the appellant, Allstate.
The lead vehicle driven by Martin struck a box spring mattress left on the roadway by an unknown driver, which became lodged under her vehicle. She came to an abrupt stop. There is some dispute as to exactly where she brought her vehicle to a stop, whether in the left hand lane adjacent to the shoulder or on the shoulder of the roadway. The plaintiff, Petty, in the next vehicle was able to bring her vehicle to a stop in time to avoid colliding with Martin. Veit was likewise able to bring the third vehicle to a stop in time to avoid a collision with Petty. 1 ^However, Beach-ler, the fourth driver collided with the Veit vehicle pushing it into the Petty vehicle which in turn was pushed into the Martin vehicle.
On April 30, 2003, the plaintiffs sued Allstate, their uninsured/underinsured carrier, as well as all the other drivers involved in this accident. They also filed an amended complaint against Allstate for penalties and attorney’s fees resulting from Allstate’s alleged failure to timely tender payments owed under the policy, but this is not an issue in this appeal. The plaintiffs ultimately reached a settlement with Beachler for his policy limits. Thereafter, Martin and her insurer, State Farm, *769 moved for summary judgment dismissal from this suit which motion was granted with prejudice by the trial court without written reasons on June 1, 2006. The judgment was certified to be a final, appealable judgment and this appeal by Allstate followed.
We review summary judgments de novo. Summary judgment must be granted where “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966 B.
Allstate contends that there are genuine issues of material fact as to whether Martin was negligent in failing to pull her vehicle entirely off the road when she stopped in contravention of La. R.S. 32:141 and in her failure to keep a proper lookout which would have enabled her to see the mattress in time to avoid striking it.
A fact is material if it is essential to a plaintiffs cause of action under the applicable theory of recovery and without which plaintiff could not prevail. Generally, material facts are those that potentially insure or preclude recovery, | affect the litigant’s ultimate success, or determine the outcome of a legal dispute. Prado v. Sloman Neptun Schiffahrts, A.G., 611 So.2d 691, 699 (La.App. 4th Cir.1992)
Regardless, there is no genuine issue as to the fact that the second and third vehicles were able to stop in time to avoid the collision. Therefore, as a matter of law, Martin in the lead vehicle and her insurer, State Farm, cannot be held liable for any damages sustained by the plaintiffs. Viator v. Gilbert, 206 So.2d 106, 109 (La.App. 4 Cir.1968). In Viator this Court held that:
When the lead vehicle makes a sudden stop, or one in order to execute an illegal maneuver, but the operator of a second vehicle is able to bring his car to a stop without a collision, the first driver is not liable if a third vehicle collides with the second. [Emphasis added.]

Id.

The facts in this case are even stronger than those in Viator as there was an affirmative finding that the driver of the lead vehicle in Viator was negligent in attempting to make a U-turn in the left lane of the highway during the course of which his car stalled leaving a portion of his vehicle extending into the left lane obstructing traffic. It is difficult to see how Martin’s actions in stopping in the instant case when confronted by the box spring mattress (probably best characterized as a sudden emergency) could ever be compared to the negligence of the lead car in Viator; but it would make no difference under the rule expressed by this Court in Viator.
In Viator this Court also expressed the well-known rule that the driver of the following vehicle is presumed negligent. See La. R.S. 32:81. Additionally, the Lpolice report notes finding no skid marks from Beachler’s vehicle.[1] See Welch v. Thomas, 263 So.2d 427 (La.App. 1 Cir.1972). The police report also notes a statement from a witness, Guy Johnson, that he saw Beach-ler cutting in and out of traffic and traveling at a high rate of speed. Leslie Petty’s deposition shows that Beachler apologized for not seeing them. All of these facts support the conclusion that Beachler’s negligence was the sole cause of the chain accident. Allstate offers no witnesses or *770 experts to show that Martin should have seen the mattress sooner or that she should have taken some other action. Therefore, even in the absence of the foregoing facts and assuming for purposes of argument only that Martin was to some extent negligent as alleged by Allstate by not getting her car completely out of the flow of traffic and in failing to see the mattress sooner, we find nothing in Allstate’s view of the facts so compelling as to cause this Court to abandon the position the Court assumed in Viator where the negligence of the lead driver was much more egregious than the negligence that Allstate alleged occurred in the instant case. This is very different from saying that this Court affirms the granting of the motion for summary judgment based on a finding that it is most unlikely that Allstate would fail to persuade a reasonable fact finder at a trial on the merits. This Court recognizes that that is not the standard of review for summary judgments. Chapeuis v. Cassimano, 568 So.2d 606 (La. App. 4 Cir.1990); Dearie v. Ford Motor Co., 583 So.2d 28 (La.App. 5 Cir.1991).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. As Allstate relies upon the police report in making its appellate argument, it can have no objection to references by this Court to that report in spite of the fact that such police reports are not normally self-proving documents.