# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-484


SHANE MAYLEN AND
PENELOPE MAYLEN

VERSUS

GREAT WEST CASUALTY COMPANY,
GROENDYKE TRANSPORT, INC., AND
DAVID MAJORIA


**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2012-3794
HONORABLE SHARON DARVILLE WILSON, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Gregory P. Marceaux**
**Marceaux Law Firm, L.L.C.**
**2901 Hodges Street**
**Lake Charles, Louisiana 70601**
**(337) 310-2233**
**Counsel for Plaintiffs/Appellants:**
**Shane Maylen**
**Penelope Maylen**


**G. Bruce Parkerson**
**Lacey E. Sarver**
**Plauché Maselli Parkerson, L.L.P.**
**701 Poydras Street, Suite 3800**
**New Orleans, Louisiana 70139**
**(504) 582-1142**
**Counsel for Defendants/Appellees:**
**Great West Casualty Company**
**Groendyke Transport, Inc.**
**David Majoria**

**KEATY, Judge.**

Plaintiffs, Shane Maylen and Penelope Maylen, appeal the trial court's judgment granting a Motion for Summary Judgment in favor of Defendants, Great West Casualty Company (Great West), Groendyke Transport, Inc., and David Majoria. For the following reasons, the trial court's judgment is affirmed.

## FACTS AND PROCEDURAL BACKGROUND

The instant matter involves a negligence action arising out of a one-vehicle automobile accident which occurred on April 13, 2012. The chain of events leading up to the collision began when a tractor-trailer driven by David, a Groendyke Transport employee, entered into the right lane of Interstate 210 from the shoulder of the road. Once David merged onto the interstate, he was followed by an unknown second vehicle. Shane's brother, Raymond Maylen, was operating a truck and was towing a thirty-three-foot camper in the right lane of Interstate 210 behind the second vehicle. When David merged onto the interstate, Raymond slammed on his brakes and then continued driving. Shane, who was also driving a truck that was towing an eighteen to twenty-foot camper and a sixteen-foot boat in tandem in the right lane of Interstate 210, was traveling behind Raymond. When Shane observed Raymond apply his brakes, he applied his brakes and drove his truck, camper, and boat to the right shoulder. Shane then drove off the shoulder and onto the grass where his camper jack-knifed, causing him to sustain a right-shoulder injury. Neither the second nor the third vehicle was involved in a collision.

As a result, Shane and his wife, Penelope, filed a Petition for Damages and a First Supplemental and Amending Petition for Damages against David, his employer, Groendyke Transport, and its liability insurer, Great West. Plaintiffs

alleged that David's negligence caused Shane's injury. Defendants filed its exceptions and an answer to the petition. Following the exchanging of discovery and the taking of depositions, Defendants filed a Motion for Summary Judgment. In its motion, Defendants contended that since the second and third vehicles avoided a collision, David, as the driver of the lead vehicle, was not liable for injuries sustained by the driver of the fourth vehicle, Shane. Following a hearing, the trial court orally granted Defendants' Motion for Summary Judgment. Its ruling was reduced to writing on September 22, 2014. Plaintiffs appealed.

On appeal, and in their sole assignment of error, Plaintiffs contend that the trial court erred in granting Defendants' Motion for Summary Judgment by finding that there lacked a genuine contested material fact regarding whether David was liable for Shane's damages.

## STANDARD OF REVIEW

In *Whitbeck v. Champagne*, 14-245, p. 9 (La.App. 3 Cir. 10/1/14), 149 So.3d 372, 379, this court stated the following:

> Summary judgments are reviewed de novo, applying the same standard to the matter as that applied by the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La.7/5/94), 639 So.2d 730. Summary judgment is favored by law and provides a vehicle by which the just, speedy, and inexpensive determination of an action may be achieved. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2).

We will, therefore, use the de novo standard of review in the instant matter.

## DISCUSSION

Plaintiffs contend that the trial court erred by finding that there lacked a genuine contested material fact regarding whether David was liable for Shane's

2

damages. To determine whether David was liable, we must employ the duty-risk analysis to determine whether he was negligent. *Boykin v. Louisiana Transit Co., Inc.*, 96-1932 (La. 3/4/98), 707 So.2d 1225. The duty-risk analysis requires proof of the following elements to determine liability in a negligence case:

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).

*Id*. at 1230 (citations omitted).

With respect to duty, Louisiana law provides that, "[a] motorist attempting to enter the highway from the shoulder of the road is held to the same standard of care as the motorist entering a highway from a private driveway. The motorist entering a highway from a private driveway has the primary duty to avoid a collision." *Loveday v. Travelers Ins. Co.*, 585 So.2d 597, 602 (La.App. 3 Cir.), *writ denied*, 590 So.2d 65 (La.1991). Louisiana Revised Statutes 32:124 further provides:

> The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.

We next review Shane and Raymond's deposition testimony in the instant matter to determine David's duty and whether he breached his duty. Raymond testified that on the date of the accident, he was operating a truck which was towing a thirty-three-foot camper on the interstate. His testimony indicates that

3

when he first spotted David's vehicle, it was rolling on the shoulder of the interstate for approximately 100 yards with its left blinker engaged. Raymond testified that once David merged onto the interstate, a car that was following David slammed on its brakes. His testimony indicates that when this second car slammed on its brakes, Raymond slammed on his brakes. He testified that when the second car slammed on its brakes, the distance between it and David's vehicle was approximately "a little more" than a truck length. At that same time, the distance between the second vehicle and Raymond's vehicle was approximately "[t]wo or three car lengths" according to his initial deposition testimony, although he increased the distance to six to eight car lengths pursuant to an errata sheet dated February 20, 2013, and filed into the record. Raymond testified that after David merged onto the interstate, the second vehicle pulled to the shoulder although he did not think it stopped, but rather "kept going." He testified that he began swerving after applying his brakes, and after he stopped swerving, he continued driving.

Shane testified that he was driving a truck on the interstate while towing an eighteen or twenty-foot camper and a sixteen-foot boat. He testified that Raymond was traveling approximately five or more seconds in front of him when he observed Raymond apply his brakes. Shane's testimony indicates that because Raymond pressed his brakes, he slammed on his brakes. Shane subsequently drove his vehicle to the right shoulder where he traveled "[a] good ways" according to his testimony. Shane testified that rather than stopping on the shoulder, he traveled off the road into the grassy area as he believed it was safer. Shane testified that his camper jack-knifed after he went off the road. According to Shane's testimony, after his vehicle jack-knifed, he knew that Raymond was

4

okay because he "didn't see [Raymond] in front of me wrecked. I didn't see any debris." Shane also testified that after he jack-knifed, he did not see any other vehicles and that he did not witness any other vehicles travel off of the roadway.

In the instant matter, David's duty was to "yield the right of way to all approaching vehicles so close as to constitute an immediate hazard." La.R.S. 32:124. According to the foregoing testimony, David's blinker was engaged prior to merging onto the interstate. Once David merged onto the interstate and caused the second and third vehicles to press their brakes, a distance of approximately "a little more" than a truck length separated David from the second vehicle, and approximately six to eight car lengths separated the second car from Raymond's car. Neither the second nor the third car was forced to make a complete stop or travel off of the shoulder of the road. Neither the lead, nor the second, nor the third vehicle was involved in a collision. Accordingly, the summary judgment evidence shows that David did not fail to yield to "the approaching vehicles so close as to constitute an immediate hazard." La.R.S. 32:124. Thus, David did not breach his duty.

Additionally, David cannot be held liable based upon the fourth circuit's holding in *Petty v. State Farm Mutual Automobile Insurance Co.*, 06-1069 (La.App. 4 Cir. 2/7/07), 952 So.2d 767, wherein the driver of the lead vehicle struck a mattress on the interstate which became lodged under her vehicle, causing her to stop. The driver of the second vehicle stopped and avoided colliding with the lead vehicle. The driver of the third vehicle also stopped and avoided colliding with the second vehicle. The fourth vehicle, however, collided with the third vehicle, pushing it into the second vehicle which in turn was pushed into the lead vehicle. The fourth circuit held:

5

> Regardless, there is no genuine issue as to the fact that the second and third vehicles were able to stop in time to avoid the collision. Therefore, **as a matter of law**, Martin in the lead vehicle and her insurer, State Farm, cannot be held liable for any damages sustained by the plaintiffs.

*Id*. at 769.

The facts in the instant matter are analogous to the facts in *Petty*, 952 So.2d 767, in that both lead drivers were involved in a four-car chain reaction. The testimony in the instant case shows that the operators of the second and third vehicles stopped and avoided a collision, just like the operators of the second and third vehicles in *Petty*, initially stopped and avoided a collision. Based upon the holding in *Petty*, we find that David cannot be held liable for any damages sustained by Shane.

The trial court in this case held that David was not liable for Plaintiffs' damages at the hearing on Defendants' Motion for Summary Judgment when it stated:

> I have reviewed the relevant portions of the depositions of both of the Maylen brothers. And also looked at the case law that has been sited [sic] to me by counsel. And given that, I do not feel that there are any genuine issues of material fact and the - - I can't see how I cannot follow the cases that are before. So the Motion for Summary Judgment is granted.

Accordingly, we find that the trial court did not err in granting Defendants' Motion for Summary Judgment.

In their brief, Plaintiffs invoke the sudden emergency doctrine in order for this court to reverse the trial court's judgment. Plaintiffs rely on the case of *Hickman v. South Pacific Transport Co.*, 262 So.2d 385, 389 (La.1972) which explains the sudden emergency doctrine as follows:

> One who suddenly finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or

6

best means that may be adopted to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to have been a better method, unless the emergency in which he finds himself is brought about by his own negligence.

Plaintiffs contend that when presented with the sudden emergency created by David merging onto the highway, which caused Raymond's car and trailer to sway, Shane was not obligated to follow what may have been the best method. According to Shane's deposition testimony, the best method would have been to stop on the shoulder of the road rather than traveling off the roadway.

As discussed above, the deposition testimony shows that the car immediately following David was at least one truck length or more behind him. The deposition testimony shows that Raymond was six to eight car lengths behind the second car, and Shane was four to five seconds or more behind Raymond's vehicle. Given the distance between all four vehicles, and since neither the second nor third vehicle was involved in a collision, the evidence does not support a finding that David's act of entering the interstate created a sudden emergency for Shane.

Moreover, the facts in *Hickman*, 262 So.2d 385, are readily distinguishable from the facts in the instant case. In *Hickman*, a two-vehicle collision occurred when a truck which was stopped crosswise in the highway, partially blocking both the northbound and southbound lanes, was struck by a motorcycle. The supreme court held that the truck driver's act of "driving his van truck from a private driveway into a main thoroughfare, a favored highway, in the path of the oncoming motorcycles, blocking and obstructing free passage in both lanes of travel, was a clear violation of the duty [the driver] owed to motorists traveling on Highway 171." *Id.* at 388.

7

The instant matter only involved a single vehicle accident, and David never stopped his vehicle once he merged onto the interstate; whereas, the *Hickman* case involved a two-vehicle collision, and the truck driver was stopped on the interstate. Shane never hit David's vehicle in this case; whereas, the motorcycle plaintiff in *Hickman* actually hit the truck. Importantly, and unlike *Hickman*, 262 So.2d 385, wherein the supreme court found that the truck driver breached his duty, there is no evidence showing that David breached his duty by failing to yield to "the approaching vehicles so close as to constitute an immediate hazard." La.R.S. 32:124.

Accordingly, the trial court's judgment is affirmed.

## DECREE

The trial court's grant of Motion for Summary Judgment by Defendants, Great West Casualty Company, Groendyke Transport, Inc., and David Majoria, is affirmed. All costs of this appeal are assessed to Plaintiffs, Shane Maylen and Penelope Maylen.

**AFFIRMED**.