# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 18-544


**JEFFREY TRAPP, ET AL.**

**VERSUS**

**ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY AND JOHN R. MARTIN**


**********

ON WRIT OF CERTIORARI FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU
DOCKET NUMBER 2017-2028
HONORABLE G. MICHAEL CANADAY, JUDGE


**********

## JOHN E. CONERY
## JUDGE

**********

Court composed of John E. Conery, D. Kent Savoie, and Van H. Kyzar, Judges.

**WRIT GRANTED AND MADE PEREMPTORY, REVERSED AND REMANDED.**

**Kevin J. Koenig**
**Raggio, Cappel, Chozen & Berniard**
**1011 Lakeshore Drive, Suite 500**
**Lake Charles, Louisiana 70601**
**Telephone: (337) 436-9481**

**COUNSEL FOR DEFENDANTS/RELATORS:**
    **Allstate Property and Casualty Insurance Company**
    **John R. Martin**

**Steven Broussard**
**Aaron Broussard**
**Randall E. Hart**
**Broussard & Hart, LLC**
**1301 Common Street**
**Lake Charles, Louisiana 70601**
**Telephone: (337) 439-2450**

**COUNSEL FOR PLAINTIFFS/RESPONDENTS:**
    **Jeffrey Trapp**
    **Jeffrey Trapp, o/b/o Jacob Trapp**
    **Jeffrey Trapp, o/b/o Brody Trapp**
    **Jeffrey Trapp, o/b/o Zachary Trapp**
    **Brandon W. Broussard**
    **Brittany Soileau Broussard**

**CONERY, Judge.**

The Defendants-Relators, Allstate Property and Casualty Insurance Company and John R. Martin seek supervisory writs from the judgment of the Fourteenth Judicial District Court, Parish of Calcasieu, the Honorable G. Michael Canaday presiding, which granted the Plaintiffs-Respondents' motion for summary judgment on the issue of liability. The trial court entered a ruling finding that the defendant, Mr. Martin, was 100% at fault in causing the accident at issue.

We initially denied the writ, incorrectly believing that the Defendants-Relators had an adequate remedy on appeal. However, we granted rehearing based on our determination that the partial summary judgment on liability did not constitute an appealable judgment because it was not certified as a final judgment by the trial court pursuant to La.Code Civ.P. art. 1915 (B).[1] The June 21, 2018 judgment before us does not contain the required certification by the trial court as a final judgment. Therefore, we will address the merits of the writ.

## STATEMENT OF THE CASE

On March 13, 2017, an automobile accident occurred between the plaintiff, Mr. Trapp, who was driving a 1997 Chevrolet pickup truck, and the defendant Mr. Martin, who was operating a 2014 Ford F150. Mr. Martin was driving northbound on La. Hwy. 384, and Mr. Trapp was entering the highway from the parking lot of the Valero fuel station situated on the east side of the highway. The accident

---

[1] Louisiana Code of Civil Procedure Article 1915(5) provides in pertinent part, that a final appealable judgment is rendered when the trial court, "[S]igns a judgment on the issue of liability when that issue has been tried separately by the court . . ."

Louisiana Code of Civil Procedure Article 1915 (B)(1) provides in pertinent part, "When a court renders a . . . partial summary judgment . . ., the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay."

Louisiana Code of Civil Procedure Article 1915 (B)(2) further provides in pertinent part, "In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal . . ."

occurred when Mr. Trapp failed to yield and executed a right turn on to La. Hwy. 384. The two vehicles collided some 122 feet north of the Valero station's driveway.

At the time of the collision, Mr. Martin claimed his truck was accelerating out of his control. The crash data recording device showed that five seconds prior to impact his vehicle had accelerated from eighty-six to ninety-six miles per hour. Mr. Martin claimed that he attempted to take the vehicle out of gear and turn off the ignition but was unsuccessful. Both drivers were ticketed, Mr. Trapp for failure to yield and Mr. Martin for careless operation.

## STANDARD OF REVIEW

A summary judgment is reviewed on appeal *de novo*. This court is required to use the "same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law." *Dunn v. City of Kenner*, 15-1175, p.10 (La. 1/27/16), 187 So.3d 404, 412.

In the recent supreme court case of *Maggio v. Parker*, 17-1112, p.4 (La. 6/27/18), ___ So.3d___, ____, the court reiterated the role of the trial court in determining a summary judgment and stated:

> In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 04-806, (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id*. at 765-66.

**DISCUSSION**

Although Mr. Martin cites ten assignments of error in his brief, he urges that at the hearing on the motion for partial summary judgment on the issue of liability he was able to show two issues that provide the existence of genuine issues of material fact regarding comparative fault or third party fault that should have defeated the partial summary judgment.

We agree and find that the trial court erred in granting partial summary judgment on the issue of liability when there are clearly issues of material fact relative to comparative and third party fault as discussed below. Thus, this finding renders a discussion of the remaining assignments of error moot. *See Leday v. Lie*, 14-75 (La.App. 3 Cir. 10/1/14), 149 So.3d 1253, 1258.

*MALFUNCTIONING OF THE FORD F150/THIRD PARTY FAULT*

Mr. Martin consistently testified in both his statement after the accident and in his deposition that his truck malfunctioned when his accelerator went wide open and he had no control. Despite being seriously injured, he told the investigating State Trooper, Sal Messina, that his vehicle had malfunctioned. In attempting to miss Mr. Trapp's truck, he went into the ditch and suffered a broken sternum, thumb and finger bone.

Mr. Martin stated he attempted to take the truck out of gear and turn off the key to no avail. When questioned by Trooper Messina if he thought he pushed the accelerator instead of the brake, Mr. Martin told him it could have happened, but he remembered the gas petal was "stuck or something." Mr. Martin further stated he was told that the keys to his truck were on the floorboard of the vehicle.

No one in this case has questioned Mr. Martin's veracity, although the plaintiff-respondents have argued that due to his advanced age he is confused or

senile. However, the deposition of Trooper Messina belies this assertion, as he testified that if Mr. Martin had been incoherent or mentally confused at the time of the accident, he would have included this fact in his report of the accident.

Although, plaintiff-respondents argue that co-defendant Allstate's expert "was unable to reproduce the cause of the malfunction," this does not negate the consistent testimony of Mr. Martin that his vehicle suffered a malfunction at the time of the accident. Contested issues of fact and credibility decisions can only be made at a trial on the merits. As we said in *Bowdoin v. WHC Maint. Services*, Inc., 17-150, pp.4-5 (La.App. 3 Cir. 10/25/17), 230 So.3d 232, 236

> When considering a motion for summary judgment, the court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p.3 (La.3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City–Parish Consol. Gov't*, 04-1459, p.11 (La.4/12/05), 907 So.2d 37, 48). Moreover, although "summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p.2 (La.12/8/00), 775 So.2d 1049, 1050.

Therefore, the trial court erred in finding there was no genuine issue of material fact with respect to the alleged malfunction of Mr. Martin's Ford F-150 at the time of the accident.

### *FAULT OF MR. TRAPP FOR FAILING TO YIELD*

Mr. Martin also asserts there are genuine issues of fact in dispute regarding the fault of Mr. Trapp for failing to yield when entering a roadway. Mr. Trapp was issued a citation after the accident by Trooper Messina for failure to yield when entering a roadway from a private drive.

Louisiana Revised Statutes 32:124, the statute governing motorists entering highways from private driveways, applies and provides, "The driver of a vehicle

4

about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle . . . and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard."

In *Maylen v. Great West Cas. Co.*, 15-484, p.3 (La.App. 3 Cir. 11/4/15), 178 So.3d 302, 305, a panel of this court discussed the duty of a motorist entering a roadway and stated:

> With respect to duty, Louisiana law provides that, "[a] motorist attempting to enter the highway from the shoulder of the road is held to the same standard of care as the motorist entering a highway from a private driveway. The motorist entering a highway from a private driveway has the primary duty to avoid a collision." *Loveday v. Travelers Ins. Co.*, 585 So.2d 597, 602 (La.App. 3 Cir.), *writ denied*, 590 So.2d 65 (La.1991).

In his deposition Trooper Messina was asked, "[W]hat lead you to believe that Mr. Trapp failed to yield?" Trooper Messina responded:

> Because he pulled out in front of another vehicle. He can't judge – he can't determine what the driver is going to – obviously, he can't determine whether that vehicle is going to stop or not, so if you have got a vehicle coming and you pull out, I mean – the way – the way I determined this crash is – the vehicle – the crash would have been completely avoided had he not pulled out. The damage wouldn't have been as bad had Driver 2 (Mr. Martin) hit his brakes. Had slowed down. I mean, you always have to be an attentive driver and – because he never hit a brake. That's why I wrote him for careless. Your Driver 1, (Mr. Trapp) had he not pulled out – he saw the vehicle coming. It's a small road, it's a 50 mph zone. It's not a slow – you know it['s] – vehicles are moving; and if anybody in this State believes that 50 mph, that driver is going to drive 50 m[ph], . . . so you just can't assume what the other driver is going to do.

Trooper Messina also testified in his deposition concerning Mr. Trapp's assumption that Mr. Martin would slow down when he entered the roadway and stated:

> A: Yes. That's exactly what I'm getting at. You saw a vehicle coming northbound, you know that – you know the speed limit is – he is from that area so he knows probably the speed limit. He's

> been on that road, and he just assume[s] that the driver would stop
> so-
>
> Q: Or slow
>
> A: Or slow down and he – because he couldn't – he couldn't make
> up the speed obviously from the distance they were.

Trooper Messina further testified that following the accident, Mr. Trapp told him that he thought Mr. Martin had time to slow down:

> Q: He told you that he thought that Vehicle 2 was going to have time
> to slow down –
>
> A: Correct.

Mr. Martin argues that this statement by Mr. Trapp implies that he knew his entry into the roadway would require Mr. Martin to yield to him. The law, on the other hand, requires Mr. Trapp to yield to the vehicle on the roadway when entering from a private drive, as he was at the time of the accident. La.R.S. 32:124; *Maylen*. 178 So.3d 302.

The trial court denied the Plaintiffs-Respondents' motion to exclude that portion of Trooper Messina's deposition testimony containing Mr. Trapp's post-accident statement. Therefore, the trial court must have considered Mr. Trapp's statement that he thought Mr. Martin would slow down. As the "primary duty" imposed on a driver entering the highway is "to avoid a collision," there is an obvious genuine issue of material fact concerning the liability for the accident at issue. This issue of material fact would preclude the trial court's finding that Mr. Martin was 100% at fault in causing the accident and require a determination of comparative fault between the two drivers by the ultimate factfinder. *Loveday*, 585 So.2d 597.

## CONCLUSION

For the foregoing reasons, the Defendants-Relators Allstate Property and Casualty Insurance Company and John R. Martin's writ is granted and made peremptory. The trial court's grant of partial summary judgment on the issue of liability is hereby reversed and this case is remanded to the trial court for proceedings consistent with this court's ruling. All costs are assessed to Plaintiffs-Respondents Jeffrey Trapp, Jeffrey Trapp, o/b/o Jacob Trapp, Jeffrey Trapp, o/b/o Brody Trapp, Jeffrey Trapp, o/b/o Zachary Trapp, Brandon W. Broussard, and Brittany Soileau Broussard.

**WRIT GRANTED AND MADE PEREMPTORY, REVERSED AND REMANDED.**