FORET, Judge.
This is a suit for damages instituted by decedent’s widow arising out of a fatal aircraft collision which occurred April 3, 1976, in the air space above Acadiana Regional Airport in New Iberia. Among others, the petition named as a defendant, Paul Four-net Air Service, Inc. alleging that it was negligent in failing to: (1) properly maintain the aircraft that it rented to Dr. Sheppard on April 3, 1976; and (2) in failing to properly supervise and instruct Dr. Sheppard in the flying of the aircraft. Subsequently, defendant Paul Fournet Air Service, Inc. was granted a summary judgment dismissing it from the suit on its contention that there was no genuine issue of material fact under which it would be liable to the plaintiff. Plaintiff has appealed this judgment.
On April 3, 1976, Dr. Raymond L. Sheppard, a licensed pilot, rented a Cessna 150 airplane from defendant, Paul Fournet Air Service, at Lafayette Airport, Lafayette, Louisiana. From Lafayette, Dr. Sheppard, accompanied by a passenger, Lt. Col. Raymond Christy (USAF-Retired), flew the rented Cessna to New Iberia’s Acadiana Regional Airport where he made two or three successful “touch and go” landings, and was in the process of making another when his aircraft was involved in a mid-air collision with a Cessna 177 owned by Pelican Aviation Corporation and piloted by Dr. Stephen A. Bernard. After the impact, Dr. Sheppard was able to maneuver his craft to a safe landing;. Dr. Bernard’s plane fell to the ground and he was killed.
As a result of this accident, Dr. Bernard’s widow brought suit, individually and on behalf of her minor children, in both Federal and State courts against a number of defendants including Paul Fournet Air Service. In the State court suit Paul Fournet Air Service moved for a summary judgment and filed several depositions and affidavits which it contends showed no dispute as to material facts. Plaintiff opposed the motion contending that there were facts alleged from which a jury might find negligence on the part of the defendant.
The procedural requirements for a summary judgment are set out in Louisiana Code of Civil Procedure Articles 966 and 967. In considering a trial court granting of a summary judgment, in Walker v. Graham, 343 So.2d 1171 (La.App. 3 Cir. 1977), we said at page 1172:
“A summary judgment may not be rendered unless the pleadings, depositions, affidavits, and like evidence show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Arts. 966, 967; State Farm Fire & Cas. Co. v. Sentry Indemn. Co., 316 So.2d 185 (La.App. 3 Cir. 1975); cases too numerous to cite. It is no substitute for a trial on the merits. All reasonable doubts are resolved against the granting of a summary judgment (Mandella v. Russo, 294 So.2d 598 (La.App. 4 Cir. 1974) even where it may be favored by a preponderance of the evidence. Odom v. Hooper, 273 So.2d 510 (La.1973) (contributory negligence); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).”
The burden of proof rests on the mover for summary judgment; all doubts are resolved against him. Parker v. South Louisiana Contractors, 340 So.2d 322 (La. App. 1 Cir. 1976). Nor is summary judgment intended to be used as a vehicle to circumvent trial of genuine issues even where it might appear to the court that the pleadings are frivolous and the party so pleading has little chance of success at trial. The denial of a pleader his day in court *527 should be applied with caution in the interest of fairness and due process. Rosen v. Capital City Press, 314 So.2d 511 (La.App. 1 Cir. 1975); Magie v. Patio Motel, Inc., 301 So.2d 381 (La.App. 4 Cir. 1974); Scanlan v. Haristy, 316 So.2d 841 (La.App. 3 Cir. 1975).
Despite the various depositions and affidavits submitted by defendant, not all issues presented by the plaintiff are addressed. In particular, plaintiff alleges that the radio in the Cessna 150 was defective in transmitting on 122.8 megacycles (the “unicorn” frequency used to communicate between aircraft at the uncontrolled Acadiana Regional Airport). Defendant has entered an affidavit of one Whitney J. Savoy in an effort to show the air-worthiness of the Fournet aircraft. This affidavit is defective in three ways: (1) it is not based on personal findings of affiant but on the findings of another mechanic, and thus lacks the requisite trustworthiness; (2) it does not state the condition of the radio, merely stating a conclusion that the craft was air-worthy; (3) even if the radio were operating properly at the time of inspection, there is no showing that it was indeed functioning correctly in the moments prior to the accident.
In the depositions of Truman W. Finch, accident investigator of the National Transportation Safety Board, and Lt. Col. Christy, plaintiff points out several statements that leave open the question of the operation of the radio in the Fournet airplane at the time of the accident.
In the light of the foregoing and in considering the record as a whole, we feel that there are unresolved factual issues that may or may not be provable at trial. Roy & Roy v. Riddle, 187 So.2d 492 (La.App. 3 Cir. 1966). The plaintiff should be given the opportunity to attempt to do so and not be forced to try her case before such time.
For the foregoing reasons, the judgment appealed from is reversed, and the matter is hereby remanded to the trial court for further proceedings.
All costs of this appeal are assessed against defendants-appellees.
REVERSED AND REMANDED.