# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-1191


**KACIE RENEE SPEARS**

**VERSUS**

**SHELTER MUTUAL INSURANCE COMPAMY, ET AL.**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20055112
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Thomas Hightower, Jr.**
**Patrick Wade Kee**
**Post Office Drawer 51288**
**Lafayette, LA   70505**
**(337) 233-0555**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Shelter Mutual Insurance Co.**

**Kraig Thomas Strenge**
**Post Ofice Box 52292**
**Lafayette, LA   70502-2292**
**(337) 261-9722**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Louis Houston**

**Linda Law Clark**
**Decuir, Clark & Adams, LLP**
**732 North Boulevard**
**Baton Rouge, LA   70802**
**(225) 346-8716**
**COUNSEL FOR DEFENDANT/APPELLEE:**
 **University of Louisiana System**

**John M. Jefcoat**
**Galloway Jefcoat, LLP**
**Post Office Box 61550**
**Lafayette, LA   70596-1550**
**(337) 984-8020**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
 **Kacie Renee Spears**

**AMY, Judge.**

The plaintiff filed suit against her professor, his homeowner's insurer, and the university where she was attending classes and alleged that she sustained damages after the professor became enraged during a class and acted in a threatening manner. The professor filed a cross-claim against his homeowner's insurer, seeking a defense and penalties associated with the denial of the defense. The insurer asserted that the petition did not allege that the damages resulted from an accident and, furthermore, that the necessary coverage was excluded as the purported actions were intentional in nature and/or undertaken as part of a business pursuit. The trial court entered partial summary judgment. The insurer appeals. For the following reasons, we affirm.

### Factual and Procedural Background

The plaintiff, Kacie Renee Spears, filed the initial petition in this matter and alleged that she was a student in the physics classroom of Dr. Louis Houston in 2004 when he threatened to kill her, spit in her face, struck a fellow student, and "held her captive through threats of death if she or any other students attempted to leave the classroom." The plaintiff sought damages associated with "emotional and psychological trauma," including medical expenses.

In an amended petition, the plaintiff named Dr. Houston's homeowner's insurer, Shelter Mutual Insurance Company, as a defendant. In turn, Shelter filed a motion for summary judgment, contesting coverage under the subject policy. It argued that the actions, as alleged, were intentional and occurred during a business pursuit insofar as Dr. Houston was a university professor. The trial court denied Shelter's motion for summary judgment, finding the existence of genuine issues of material fact. Shelter's subsequent application for supervisory writs was denied by

a panel of this court. *Spears v. Houston*, 10-187 (La.App. 3 Cir. 5/4/10) (an unpublished writ opinion).

As Shelter's motion for summary judgment proceeded, the plaintiff amended her petition, re-naming Dr. Houston and Shelter as defendants and adding the Board of Supervisors for the University of Louisiana System (hereinafter the University) as a defendant as well. This petition alleged that the University was liable for, among other things, negligently hiring, retaining, and supervising Dr. Houston given an alleged history of "delusional and outrageous acts" and an alleged "previous delusional episode while in the classroom at the University of Louisiana." By a fourth supplemental and amended petition, the plaintiff included a paragraph alleging that Dr. Houston suffered from "bipolar disorder, a mental illness which causes delusions." The plaintiff further alleged that, at the time Dr. Houston "exhibited the behavior described herein against [the plaintiff], he was suffering from a delusion, thus his actions could have been the result of a mental disorder."

Thereafter, Dr. Houston filed a cross-claim against Shelter, asserting that his homeowner's insurance policy afforded coverage for the underlying incident. Dr. Houston further sought a defense for the claims proceeding against him, stating that Shelter failed to either provide a defense or agree to indemnify him. As a result of this refusal, Dr. Houston sought penalties associated with La.R.S. 22:1973 and/or La.R.S. 22:1892.

In keeping with the cross-claim, Dr. Houston filed a motion for partial summary judgment, asking the trial court to order Shelter to pay for and assume his defense. He also sought penalties and costs. In support, Dr. Houston included his demand letter for a defense to Shelter and his attorney fee records. At the hearing,

2

Dr. Houston also introduced the petitions filed in the matter as well as exhibits previously introduced by Shelter in support of its own motion for summary judgment. In opposition, Shelter again argued that, by their nature, the alleged incident did not occur as an accident and that, furthermore, it was intentional and involved Dr. Houston's business pursuits. Shelter introduced excerpts from the depositions of both Dr. Houston and the plaintiff.

Following a hearing, the trial court granted the partial motion for summary judgment. The court observed that the mental health aspect of the plaintiff's claim related to the question of whether the allegedly tortious actions were intentional. The trial court further ordered statutory penalties, deferring a finding as to the amount of those fees pending a further hearing. Shelter initially sought review of that ruling by application for supervisory writs. However, the panel denied that application, finding that Shelter had an adequate remedy by appeal. *See Spears v. Houston*, 14-0562 (La.App. 3 Cir. 8/8/14) (an unpublished writ opinion wherein the panel explained that "the relator has an adequate remedy through an ordinary appeal, either by obtaining a designation of this ruling as a final, appealable judgment for express reasons given by the trial court or by seeking review of this ruling upon the complete adjudication of this suit. La.Code Civ.P. art. 1915(B)."). Subsequently, the trial court entered an order finding "no just reason for delay" and making "an express determination that the Judgment . . . is designated as a Final Judgment pursuant to La. C.C.P. Art. 1915."[1]

Shelter now appeals, asserting that:

---

[1] We note here that, in his appellee's brief, Dr. Houston asserts that this matter is not appropriate for appeal pursuant to La.Code Civ.P. art. 1915(B)(1) as the trial court did not make "an express determination that there is no just reason for delay." While the trial court's order did not explain its ultimate determination that there was no just reason for delay, this court has maintained the appeal after independent review of the factors enunciated in *R.J. Messinger, Inc. v. Rosenblum*, 04-1664 (La. 3/2/05), 894 So.2d 1113.

The Trial Court erred in granting the Partial Motion for Summary Judgment and imposing a duty to defend and awarding attorney fees and penalties when the clear and unambiguous language in the policy specifically excludes coverage for damages arising out of "business pursuits" of the insured and for actions "expected or intended by an insured" to cause injury, and as a threshold issue, when no "accident" occurs.

**Discussion**

*Motion for Summary Judgment*

Louisiana Code of Civil Procedure Article 966(A)(2) explains that the motion for summary judgment is favored and is to be construed to secure the just, speedy, and inexpensive determination of actions. A summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B)(2). While the moving party bears the burden of proof, if the movant will not bear the burden of proof at trial on the matter at issue, he or she is not required to negate all essential elements of the adverse party's claim, action, or defense. La.Code Civ.P. art. 966(C)(2). Instead, the movant's burden is "to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Id.* In turn, if the adverse party does not produce factual support sufficient to establish that "he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id.* An appellate court reviews a motion for summary judgment de novo, using the same criteria that governed the trial court's determination of whether summary judgment is appropriate. *Peironnet v. Matador Res. Co.*, 12-2292 (La.

4

6/28/13), 144 So.3d 791. Thus, we turn to consideration of the trial court's entry of summary judgment in favor of Dr. Houston.

*Merits*

As noted above, and also as pointed out by Dr. Houston in his brief to this court, this summary judgment involves whether Shelter owes Dr. Houston, its insured, a duty to defend him in the suit filed by Ms. Spears. Referencing jurisprudence addressing an insurer's duty to defend, the supreme court has stated:

> As explained in *Yount v. Maisano*, 627 So.2d 148, 153 (La.1993), "the insurer's obligation to defend suits against its insured is broader than its liability for damage claims." "The insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage." *Id.* (Citing *American Home Assur. Co. v. Czarniecki*, 255 La. 251, 230 So.2d 253 (1969); *Meloy v. Conoco, Inc.*, 504 So.2d 833 (La.1987)). "Thus, if assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit." *Id.* The allegations of the petition are liberally construed to determine whether they set forth grounds which bring the claim within the insurer's duty to defend. *Id.*

*Arceneaux v. Amstar Corp.*, 10-2329, p. 17 (La. 7/1/11), 66 So.3d 438, 450.

The Shelter homeowner's policy at issue provides, in pertinent part,

**SECTION II**
**COMPREHENSIVE PERSONAL LIABILITY PROTECTION**

**COVERAGE E – PERSONAL LIABILITY**
We will pay all sums arising out of any one loss which an **insured** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** and *caused by an **occurrence*** covered by this policy. If a claim is made or suit is brought against the **insured** for liability under this coverage; **we** will defend the **insured** at **our** expense, using lawyers of **our** choice. **We** are not obligated to defend after **we** have paid an amount equal to the limit of **our** liability. **We** may investigate or settle any claim or suit as **we** think appropriate.

(Italics added; bold in the original). The policy otherwise defines an "occurrence" as "*an accident* including injurious exposure to conditions, which results, during

5

the policy term, in **bodily injury** or **property damage**." (Italics added; bold in the original).

> **EXCLUSIONS – SECTION II**
> Under Personal Liability and Medical Payments to Others, **we** do not cover:
>
> . . . .
>
> 3.    **bodily injury** or **property damage** arising out of **business** pursuits of an **insured**. This exclusion does not apply:
>
>     (a)    to activities of the **insured** ordinarily incident to non-**business** pursuits
>     (b)    with respect to coverage to the occasional or part-time **business** pursuits of an **insured** who is under 19 years of age.
>
> . . . .
>
> 5.    **bodily injury or property damage** expected or intended by an **insured**.

In support of his motion for summary judgment, Dr. Houston submitted, among other things, the petitions filed in this matter. Dr. Houston referenced those aspects of the petitions alleging that he "suffers and has suffered from" certain mental illness, causing delusions and that on the date of the underlying incident "he was suffering from a delusion, thus his actions could have been the result of his mental disorder." Additionally, Dr. Houston filed into evidence deposition excerpts previously offered at the time of Shelter's unsuccessful motion for summary judgment. Therein, Dr. Houston described aspects of the episodes alleged and his mental health condition at that time.

In response, Shelter pointed to the petitions' allegations that Dr. Houston's actions included threatening behavior, spitting, and striking another student. These actions, Shelter asserted, cannot be said to fit within the coverage for an "occurrence" to the extent they were not an "accident." Shelter attached deposition

6

excerpts from Dr. Houston, wherein he described the state of his mental health at the time and he explained that, when he was questioned about the occurrence with a fellow professor, he stated that he was conducting an "experiment."[2] Additionally, Shelter attached a portion of the plaintiff's deposition in which she stated that Dr. Houston's actions appeared intentional.

Having reviewed the parties' submissions in light of the insurance policy and the allegations of the plaintiff's petitions, we find no error in the trial court's entry of summary judgment in favor of Dr. Houston. Although the parties attached various exhibits to their submissions in support of and in opposition to the motion for summary judgment, we are mindful that the supreme court has explained that the duty to defend is determined by the allegations of the injured plaintiff's petition and that the insurer has a duty to defend unless that petition unambiguously excludes coverage. *See Arceneaux*, 66 So.3d 438. *See also Henly v. Phillips Abita Lumber Co.*, 06-1856 (La.App. 1 Cir. 10/3/07), 971 So.2d 1104 (wherein the first circuit explained that a duty to defend a civil action is determined by consideration of the "eight corners" of the plaintiff's petition and the insurance policy).

Here, the petitions, and in particular the fourth supplemental and amending petition, starkly allege that Dr. Houston suffered from a mental health issue that "causes delusions[,]" that "he was suffering from a delusion[,]" at the time of the complained-of actions, and that "his actions could have been the result of his mental disorder." Accepting these facts as true, the trial court correctly observed that the mental health allegations necessarily factored into the question of whether the specific conduct could be viewed as accidental.

---

[2] Dr. Houston subsequently explained in the deposition that he was still in the midst of a delusion at the time he spoke with his fellow professor.

For this reason, we find no error in the trial court's rejection of Shelter's alternative contention that the conduct was excluded either as an intentional act or as undertaken as part of a business pursuit. Though the petitions allege outrageous conduct and that it occurred in the classroom where Dr. Houston was conducting a class, those circumstances cannot be viewed absent the allegation of the delusional episode. Such a view undercuts both arguments that the petition alleges only intentional acts and that they were undertaken as part of a business pursuit.

For these reasons, we do not disturb the trial court's entry of summary judgment in favor of Dr. Houston.

## DECREE

For the foregoing reasons, the summary judgment entered in favor of the cross-claimant/appellee, Dr. Louis Houston is affirmed. Costs of this appeal are assessed to the defendant/appellant, Shelter Mutual Insurance Company.

**AFFIRMED.**