# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 18-238

**FELIX ANTHONY DEJEAN, IV**

**VERSUS**

**BRADLEY R. BURGET**

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CONCORDIA, NO. 49837
HONORABLE ROBERT W. KOSTELKA, DISTRICT JUDGE, AD HOC

**********

**JOHN D. SAUNDERS
JUDGE**

**********

Court composed of John D. Saunders, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**REVERSED AND REMANDED.**

**Erik R. Noland
DeJean & Norris, L.L.C.
604 Saint Ferdinand Street
Baton Rouge, LA 70802
(225) 344-2639
COUNSEL FOR PLAINTIFF/APPELLANT:**
    Felix Anthony DeJean, IV

**Joseph A. Boothe**
**Smith, Taliaferro & Purvis**
**P. O. Box 298**
**Jonesville, LA  71343**
**(318) 339-8526**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Bradley R. Burget**

**Felix Anthony DeJean, IV (In Proper Person)**
**DeJean & Norris, L.L.C.**
**604 Saint Ferdinand Street**
**Baton Rouge, LA 70802**
**(225) 344-2639**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Felix Anthony DeJean, IV**

**Felix Anthony DeJean, III**
**Attorney at Law**
**1368 Katherine Drive**
**Opelousas, LA  70570**
**(337) 945-1454**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
     **Felix Anthony DeJean, IV**

**SAUNDERS, Judge.**

This is a case involving a physical altercation between two parties wherein the plaintiff alleges injury. The defendant raised the defense of justification based on an assertion that the plaintiff was the aggressor. The defendant moved for and was granted a motion for summary judgment dismissing the plaintiff's claim against him. Plaintiff appeals. We reverse and remand.

## FACTUAL AND PROCEDURAL HISTORY:

Appellant, Felix Anthony DeJean, IV, was representing a client in a criminal case in the 7th Judicial District Court in Vidalia, Concordia Parish, Louisiana. The State was represented by Concordia District Attorney Bradley R. Burget, hereinafter Appellee. While discussing the case in the chambers of Judge Kathy Johnson, Appellant and Appellee had a physical altercation.

As a result of this altercation, Appellant was charged with and convicted of simple battery after a criminal trial. Thereafter, Appellant filed suit against Appellee alleging damages from the physical altercation. In his answer to the suit, Appellee filed a defense of justification based on the allegation that Appellant was the aggressor in the altercation. After discovery, Appellee filed a Motion for Summary Judgment requesting that Appellant's case be dismissed. A hearing on the motion was held and resulted in the trial court granting Appellee's motion dismissing Appellant's suit against him. It is from this judgment that Appellant presents three assignments of error.

## ASSIGNMENTS OF ERROR:

1.  The trial court erred in granting summary judgment in favor of Appellee as there are material facts in dispute.

2.  The trial court erred in granting summary judgment in favor of Appellee based on the fact that Appellant would not be able to prove his case by preponderance of the evidence.

3.    The trial court erred by granting summary judgment based on the credibility of Mr. DeJean as a witness.

**<u>DISCUSSION OF THE MERITS</u>**:

Appellant raises three assignments of error that each contend that the trial court erred in granting summary judgment in favor of Appellee, but for different reasons. We will address all three under one heading as each assigned error is merely an argument for the alleged erroneous grant of summary judgment, which is analyzed using the same standard of review.

Appellate courts review motions for summary judgment *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 07-1726 (La. 2/26/08), 977 So.2d 880. The reviewing court, therefore, is tasked with determining whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests on the mover for summary judgment; all doubts are resolved against him. Nor is summary judgment intended to be used as a vehicle to circumvent trial of genuine issues even where it might appear to the court that the pleadings are frivolous and the party so pleading has little chance of success at trial.

*Bernard v. Vidrine*, 365 So.2d 525, 526 (La.App. 3 Cir.1978) (citations omitted). Further, regardless of the declaration that the summary judgment procedure is favored, it is not a substitute for trial on the merits. *Barber v. La. Mun. Risk Mgmt. Agency Grp. Self-Insured Fund*, 17-1005 (La.App. 3 Cir. 4/18/18), 244 So.3d 56.

In the case before us, Appellant brought a claim against Appellee for damages as a result of Appellee allegedly battering Appellant. Appellee answered the allegations with a defense that Appellant was the aggressor in the physical altercation, and, as such, Appellee had justification for battering Appellant. Thus,

2

which of the two combatants was the aggressor is a genuine issue of fact material to the outcome of the litigation.

Appellee and various other witnesses testified to Appellant either verbally or physically being the aggressor in this matter. However, Appellant testified to the following in his criminal matter related to this altercation:

A      I didn't lay a finger on Burget.

. . . .

A      I didn't touch him.

. . . .

Q      Did you ever chest bump Mr. Burget?

A      I didn't touch Mr. Burget.

At the end of his testimony at the criminal trial, when discussing why Appellant's testimony was different than that of each other witness, the following exchange took place between Appellant and opposing counsel:

Q      So it is your testimony that the only person who has told the truth today, is you, Mr. DeJean; is that correct?

A      One hundred percent.

Additionally, Appellant submitted an affidavit which states, "[a]t no time did I strike Mr. Burget or defend myself in any way." Finally, Appellee's brief recognizes that Appellant testified that he was not the aggressor writing, "[n]ot one witness – save his own self-serving testimony in his criminal trial – has offered any testimony that Mr. Burget was the aggressor."

Given the above, it was improper for the trial court to have granted summary judgment in this case.

> When considering a motion for summary judgment, the court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v.*

3

*Lafayette City-Parish Consol. Gov't*, 04-1459, p. 11 (La. 4/12/05), 907 So.2d 37, 48 ). Moreover, although "summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

*Bowdoin v. WHC Maint. Servs., Inc.*, 17-150, pp. 4-5 (La.App. 3 Cir. 10/25/17), 230 So.3d 232, 236.

Here, Appellant's recount of the event that he was a pacifist while Appellee was the sole aggressor is enough to defeat summary judgment. To find otherwise would entail considering the merits via making credibility determinations, evaluating testimony, or weighing evidence, which are impermissible when using the summary judgment procedure.

## CONCLUSION:

Felix Anthony DeJean, IV asserts three assignments of error that the trial court erroneously granted summary judgment dismissing his claim against Bradley R. Burget. We find merit to the assertion that summary judgment was improper given the record before us. As such, we reverse the summary judgment granted to Bradley R. Burget and remand the case for further proceedings consistent with this opinion. Costs of this proceeding is assessed to Bradley R. Burget.

**REVERSED AND REMANDED.**