# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-945


DEANNA MONTGOMERY

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.


**********

ON APPLICATION FOR SUPERVISORY WRITS FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 13-0027
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**********

## SHANNON J. GREMILLION
## JUDGE

**********

Court composed of, Sylvia R. Cooks, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**WRIT GRANTED AND MADE PEREMPTORY.**

Jason E. Fontenot
Attorney at Law
Post Office Drawer 52307
Lafayette, LA 70502
(337) 234-7355
COUNSEL FOR PLAINTIFF/RESPONDENT:
     Deanna Montgomery

Max Michael Menard
Attorney at Law
200 Church Street
P.O. Box 1196
Youngsville, LA 70592
(337) 857-6123
COUNSEL FOR PLAINTIFF/RESPONDENT:
     Deanna Montgomery

L. Bianca Chretien
Leah V. Guilbeau & Associates
Caffery Plaza, Suite 100
4023 Ambassador Caffery Parkway
Lafayettte, LA 70503
(337) 988-7240
COUNSEL FOR DEFENDANTS/APPLICANTS:
     State Farm Mutual Automobile Insurance Company
     Stephen Pellessier

**GREMILLION, Judge.**

State Farm Mutual Automobile Insurance Company (State Farm) and Stephen Pellessier (Pellessier) seek writs from the grant of Deanna Montgomery's (Montgomery) motion for partial summary judgment on medical causation by the trial court. For the following reasons, we grant the writ and make it peremptory.

## FACTUAL AND PROCEDURAL BACKGROUND

Montgomery was involved in three automobile accidents in 2012. The first, which is the subject of the instant litigation, occurred on January 6, 2012, when the vehicle being driven by Pellessier rear-ended a vehicle being driven by Steve Wiltz (Wiltz), which was stopped at a red light, and caused the Wiltz vehicle to collide with Montgomery's vehicle.

One week later, on January 13, 2012, Montgomery's vehicle was side-swiped by another vehicle. Six months later, on July 7, 2012, Montgomery's vehicle was hit by another vehicle, which caused her vehicle to hit a curb.

On July 24, 2013, Montgomery underwent a lumbar fusion at L3-4 and L4-5, with a left ulnar nerve compression, performed by Dr. Louis Blanda. Dr. Blanda performed a cervical fusion at C5-6 on Montgomery on October 12, 2015. Montgomery alleges that both surgeries were necessitated by injuries received in the first accident.

Montgomery filed suit against Pellessier and his insurer, State Farm. It is unknown if there is any other litigation arising out of the three accidents. Liability for the subject accident is not disputed. Montgomery filed a motion for partial summary judgment on the issue of medical causation,[1] which came for hearing on October 29, 2018, and was granted. A judgment was signed on November 19, 2018.

---

[1] Montgomery introduced the following documents in support of her motion: (1) excerpts of Montgomery's deposition taken on May 19, 2015; (2) Dr. Blanda's affidavit dated August 10,

State Farm timely filed a notice of intent to apply for supervisory writs, and its writ application was timely filed in accordance with the return date set by the trial court. Montgomery filed a brief in opposition to the writ application. Proceedings in the trial court are stayed pending the outcome of this writ application.

## SUPERVISORY RELIEF

Montgomery argues that this matter is not properly before this court on a writ application because it is a partial judgment under La.Code Civ.P. art. 1915(B) from which State Farm will have an adequate remedy by ordinary appeal after a final judgment is rendered.

It is true that we often deny writ applications involving the granting of partial summary judgments and recommend remanding those cases to the trial court when there is an adequate remedy through an ordinary appeal, either by obtaining a designation that the partial summary judgment is a final judgment under La.Code Civ.P. art. 1915(B)(1) for express reasons given or by an appeal following the complete adjudication of the case.[2] *See Spears v. Shelter Mut. Ins. Co.*, 14-1191 (La.App. 3 Cir. 4/1/15), 160 So.3d 631, *writ denied*, 15-872 (La. 6/19/15), 172 So.3d 653.

---

2018, with exhibits; (3) the affidavit of Dr. Ilyas Munshi dated September 6, 2018, with exhibits; (4) certified medical records from Lafayette General Medical Center; (5) petition for damages; and (6) answer to petition. Montgomery also introduced the report of Dr. Neil Romero, who was hired by State Farm to conduct a records-only review IME.

In opposition to the motion, State Farm submitted the following documents: (1) certified medical records form Lafayette General Hospital; (2) certified excerpts from the medical records from Dr. Robert Franklin; and (3) certified excerpts from the medical records from Dr. Blanda.

[2] It is generally "improper to review the merits of an uncertified partial judgment pursuant to supervisory jurisdiction, without first considering whether the trial court has ruled on the propriety vel non of certification" because this takes away the discretion of the trial court. *Delcambre v. Mancuso*, 18-391, p. 2 (La.App. 3 Cir. 7/18/18) (unpublished opinion), *quoting In re Succession of Grimmett*, 31,795, 32,364, p. 6 (La.App. 2 Cir. 3/5/99), 738 So.2d 27, 31.

In *Terrell v. Town of LeCompte*, 18-1087, p. 1 (La. 9/28/18), 253 So.3d 134, 135, the Louisiana Supreme Court remanded the case to the trial court "for a determination of whether or not this partial summary judgment is a final judgment. If it is certified as a final judgment, then it can be appealed, provided the appellate requirements are met. If this partial summary judgment is not designated as a final judgment, then there is an adequate remedy on appeal." The Louisiana Supreme Court made no allowance for this court to consider the matter on a writ application.

However, if this matter proceeds to trial without review of this partial summary judgment, it creates the possibility that a second trial would be necessitated by the reversal of the summary judgment on appeal. Montgomery points out that the necessity of a retrial is not an irreparable injury and cites *Miller v. Tassin*, 02-2383 (La.App. 4 Cir. 6/4/03), 849 So.2d 782. *Miller* is distinguishable because it addressed the plaintiff's attempt to devolutively appeal a partial summary judgment on coverage in favor of an insurer. The plaintiff argued that irreparable injury would result from having to try his case against a party who was uninsured and had not participated in the litigation. The court disagreed and dismissed the appeal as having been taken from a partial judgment that had not been designated as final.[3]

When the grant of a partial summary judgment came before it on a writ application, the fourth circuit stated:

> Since a court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, the issue of whether this Court should exercise its supervisory jurisdiction to review such judgments appears to be left to the sound discretion of the court. *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc.*, 396 So.2d 878 (La.1981).

---

[3] The plaintiff won at trial and then appealed the partial summary judgment on coverage. The court of appeal reversed and found that there was coverage. *Miller v. Tassin*, 04-2115 (La.App. 4 Cir. 5/25/05), 905 So.2d 365.

3

*Christiana v. S. Baptist Hosp.*, 03-1880, p. 4 (La.App. 4 Cir. 2/4/04), 867 So.2d 809, 812.

In *Trapp v. Allstate Property & Casualty Insurance. Co.*, 18-544, p. 1 (La.App. 3 Cir. 9/19/18), 255 So.3d 639, 640 (footnote omitted), just prior to the Louisiana Supreme Court's ruling in *Terrell*, 253 So.3d 134, this court granted a rehearing to consider a writ application on its merits and issued a written opinion noting that it determined "that the [granted] partial summary judgment on liability did not constitute an appealable judgment because it was not certified as a final judgment by the trial court pursuant to La.Code Civ.P. art. 1915(B)."

We will consider the merits of this writ application to avoid the possibilities of a potentially useless trial, fragmented and multiple appeals, and additional appeal delays in a suit where the accident occurred in 2012.

## ON THE MERITS

"A reviewing court considers a trial court's judgment on a motion for summary judgment pursuant to the de novo standard." *Schroeder v. Hanover Ins. Co.*, 18-294, p. 3 (La.App. 3 Cir. 9/19/18), 255 So.3d 1123, 1125.

The documents submitted by the mover must be "sufficient to resolve all material factual issues." *Gilbert v. Gottsegen*, 14-593, p. 8 (La.App. 5 Cir. 5/21/15), 171 So.3d 289, 294, *writ denied*, 15-1406 (La. 10/2/15), 178 So.3d 993. "[F]actual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Bowdoin v. WHC Maint. Servs., Inc.*, 17-150, pp. 4-5 (La.App. 3 Cir. 10/25/17), 230 So.3d 232, 236 (citations omitted).

On the day of the first accident, Montgomery stated that she went to work immediately afterwards but left to go to the emergency room at Lafayette General

4

Medical Center. She complained of neck and back pain and was diagnosed with cervical and lumbar strains.

After the second accident, Montgomery immediately returned to work and did not seek medical treatment until January 20, 2012, when she saw Dr. Franklin at the request of her attorney. Dr. Franklin prepared two different reports for the one visit, one addressing the January 6 accident and one addressing the January 13 accident. He noted pain of "possibly several etiologies."

Montgomery first saw Dr. Blanda on April 5, 2012. She filled out a patient information sheet and answered the inquiry, "If your symptoms were because of an accident or injury, please explain" as follows: "pain & stiffness to neck & back, elevated BP, ringing to both ears, muscle spasms." On the history of previous injuries form, Montgomery wrote that her "neck aches, muscle tension to neck & shoulders, lower back pain" relative to the January 6 accident and wrote that her "neck still aches, back hurts, ears constant ringing, miserable" relative to the January 13 accident.

After the July 7, 2012 accident, Montgomery was taken by ambulance to the hospital, with a new complaint of right arm pain.

Montgomery saw Dr. Blanda on October 11, 2012. On the history of previous injuries form, Montgomery wrote the following:

> January 7 accident: "have low back pain, ears ringing, arm left weakness fingers tingle[.]"

> January 13 accident: "occasional jaw pain[,] Back pain w/ shooting pain down left leg[.]"

> July 7 accident: "still having head throb pain & mid back pain."

For each accident, she circled "no" in response to the question, "DID SYMPTOMS RESOLVE?"

Dr. Blanda diagnosed Montgomery with: (1) cervical disc displacement; (2) lumbar disc displacement; (3) spondylosis in the lumbar region; and (4) chronic pain syndrome. It is Dr. Blanda's opinion that Montgomery's pain in her neck and back is chronic and lifelong and will require medical treatment for the rest of her life. He further stated that "based on Deanna Montgomery's history, more probable than not, [her] pain in her neck and back with radiating symptoms, headaches, and left hand/wrist pain was caused by the January 6, 2012 accident."

Dr. Blanda's affidavit stated that Montgomery reported that the increased pain from the January 13 accident lasted one day and that the increased pain from the July 7 accident was of "a limited duration." State Farm asserts that these statements directly contradict what Montgomery wrote on the forms in Dr. Blanda's medical records. State Farm asserts that the medical records, Dr. Blanda's affidavit, and Montgomery's deposition are conflicting. Montgomery accuses State Farm of "cherry picking" medical records to make arguments and unreasonable inferences in an attempt to *create* a genuine issue of material fact.

"The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident." *Maranto v. Goodyear Tire & Rubber Co.*, 94-2603, 94-2615, p. 3 (La. 2/20/95), 650 So.2d 757, 759 (citations omitted). But, "[i]f a plaintiff receives an injury through the negligent act of another and the injury is subsequently aggravated by other acts, then the tortfeasor is only liable for the original injury and not the subsequent one." *Swan v. Vernon Milling Co.*, 517 So.2d 1161, 1163 (La.App. 3 Cir. 1987), *writ denied*, 521 So.2d 1171 (La.1988). It is the plaintiff's burden to prove "that the

6

subsequent injuries were not the result of a separate, independent, and intervening act for which the defendant was in no way responsible." *Id.*

Montgomery admits that the medical "records are silent as to how long the aggravation lasted[,]" but asserts that her deposition testimony established that, although her pain was increased by the second accident, by the next day her pain returned to what it was. State Farm asserts that Montgomery recognizes that there is a contradiction between her medical records and her testimony that cannot be explained away by her counsel's statement that by the time of her deposition, she had time for "the dust to settle" and better evaluate her injuries.

Montgomery asserts that Dr. Blanda's testimony as to causation is uncontroverted and that State Farm's failure to introduce Dr. Romero's report establishes that there is nothing to contradict Dr. Blanda's opinion. Montgomery introduced Dr. Romero's IME report into evidence. The report stated that "[b]ased on a review of all of these records and imaging studies and her deposition, I am unable to determine which motor vehicle collision bears causation with regards to her need for treatment." Dr. Romero further stated: "Numerous medical records document increasing symptoms with the second motor vehicle collision and further worsening of her condition with the third motor vehicle collision." We find that contrary to Montgomery's assertion, Dr. Romero's report establishes that there is a genuine issue of material fact regarding causation.

The trial court stated that Montgomery's injuries "certainly may have been aggravated by the subsequent two accidents, but . . . I believe it's uncontroverted[,] and I don't think that plaintiff's deposition testimony and her medical records – her medical record history that she has given [] – is contradictory." State Farm asserts that the trial court made a credibility determination, evaluated testimony, and

7

weighed evidence in finding that there was no conflict.[4]  We find there are genuine issues of material fact concerning what effect the two subsequent accidents had on Montgomery's alleged injuries.

For the foregoing reasons, we grant the writ and reverse the trial court's grant of partial summary judgment on medical causation.  Accordingly, we reverse the trial court's ruling that granted the motion for partial summary judgment on the issue of medical causation in favor of Montgomery.

**WRIT GRANTED AND MADE PEREMPTORY.**

---

[4] State Farm cites *Dejean v. Burget*, 18-238 (La.App. 3 Cir. 11/17/18), 258 So.3d 872, wherein this court reversed a summary judgment in favor of the defendant, dismissing the plaintiff's claims against him based on a defense of justification, where the plaintiff was the only one of several witnesses who testified that the defendant was the sole aggressor.  This court found that the plaintiff's testimony alone was enough to defeat summary judgment because "[t]o find otherwise would entail considering the merits via making credibility determinations, evaluating testimony, or weighing evidence, which are impermissible when using the summary judgment procedure."  *Id*. at 874.