# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CW 20-373


**LITEL EXPLORATIONS, L.L.C.**

**VERSUS**

**AEGIS DEVELOPMENT COMPANY, L.L.C., ET AL.**


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. C 823-17
HONORABLE CRAIG STEVE GUNNELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, D. Kent Savoie, and Jonathan W. Perry, Judges.


**WRIT DENIED.**

**Donald T. Carmouche**
**Victor L. Marcello**
**John H. Carmouche**
**William R. Coenen, III**
**Brian T. Carmouche**
**Todd J. Wimberley**
**Ross J. Donnes**
**D. Adele Owen**
**Leah C. Poole**
**Caroline H. Martin**
**Christopher D. Martin**
**Michael L. Heaton**
**Talbot, Carmouche, & Marcello**
**17405 Perkins Road**
**Baton Rouge, LA 70810**
**(225) 400-9991**
**COUNSEL FOR PLAINTIFF/APPLICANT:**
**Litel Explorations, LLC**

**David P. Bruchhaus**
**Wesley A. Romero**
**Mudd, Bruchhaus & Keating, LLC**
**422 E. College Street, Suite B**
**Lake Charles, LA 70605**
**(337) 562-2327**
**COUNSEL FOR PLAINTIFF/APPLICANT:**
**Litel Explorations, LLC**

**Alan J. Berteau**
**R. Benn Vincent, Jr.**
**Matthew Smith**
**Hattie V. Guidry**
**Kristi D. Obafunwa**
**Lauren J. Rucinski**
**Kean Miller LLP**
**P. O. Box 3513**
**Baton Rouge, LA 70821**
**(225) 387-0999**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
**BP America Production Company**

**Douglas C. Longman**
**Carmen M. Rodriguez**
**Jones Walker LLP**
**600 Jefferson Street, Ste 1600**
**Lafayette, LA 70501**
**(337) 593-7600**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
**Apache Corporation**

**Boyd A. Bryan**
**F. Gibbons Addison**
**Jones Walker LLP**
**445 North Blvd., Suite 800**
**Baton Rouge, LA 70802**
**(225) 248-2134**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Apache Corporation**

**D. Russell Holwadel**
**Ira J. Rosenweig**
**Adams Hoefer, Holwadel, LLC**
**400 Poydras St., Ste 2450**
**New Orleans, LA 70130**
**(504) 581-2606**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Denbury Onshore, LLC**

**Eric E. Jarrell**
**Robert J. Burvant**
**Michael J. Cerniglia**
**King, Krebs & Jurgens, P.L.L.C.**
**201 St. Charles Ave., 45th Floor**
**New Orleans, LA 70170**
**(504) 582-1233**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **ConocoPhillips Company**

**Brian W. Capell**
**Brittan J. Bush**
**Liskow & Lewis**
**822 Harding Street**
**Lafayette, LA 70505**
**(337) 232-7424**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **Gary Production Company**

**Michael Lester Schilling, Jr.**
**Michael L. Schilling, Jr. & Associates**
**P. O. Box 4907**
**Lafayette, LA 70502**
**(337) 739-0777**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
    **MTBB Acquisitions, LLC**

**Christoffer C. Friend**
**Meghan E. Smith**
**Jones Walker LLP**
**201 St. Charles Ave, Ste 4700**

New Orleans, LA 70170
(504) 582-8000
COUNSEL FOR DEFENDANT/RESPONDENT:
     Oxy USA, Inc.
     CanadianOxy Offshore Production Company

William D. Lampton
W. Thomas McCall, Jr.
Jones Walker LLP
445 N. Blvd, Ste. 800
Baton Rouge, LA 70802
(225) 248-2000
COUNSEL FOR DEFENDANT/RESPONDENT:
     Oxy USA, Inc.
     Canadian Oxy Offshore ProductionCompany

Kevin R. Derham
Garrison, Yount, Forte, & Mulcahy
909 Poydras, Ste 1800
New Orleans, LA 70112-4053
(504) 527-0686
COUNSEL FOR DEFENDANT/RESPONDENT:
     Sandhill Production

Jakson D. Logan, III
Attorney at Law
511 Queensbury Drive
Lafayette, LA 70508
(214) 605-0494
COUNSEL FOR DEFENDANT/RESPONDENT:
     Sandhill Production

Daniel C. Hughes
A Professional Law Corporation
126 Heymann Blvd.
Lafayette, LA 70503
(337) 237-6566
COUNSEL FOR DEFENDANT/RESPONDENT:
     Henry Production Company, Inc.

Patrick D. Gallaugher, Jr.
Phillip W. DeVilbiss
Scofield, Gerard, Pohorelsky, Gallaugher & Landry, LLC
901 Lakeshore Dr., Ste. 900
Lake Charles, LA 70601
(337) 433-9436
COUNSEL FOR DEFENDANT/RESPONDENT:
     Manti Resources, Inc.

David N. Luder
Barrasso Usdin Kupperman Freeman & Sarver, LLC
909 Poydras St., 24th Floor
New Orleans, LA 70112
(504) 589-9700
COUNSEL FOR DEFENDANT/RESPONDENT:
    Hanley Petroleum LLC

John A. Adams
F. Jonathan Rice
Lousiana Office of Conservation
P. O. Box 94275
Baton Rouge, LA 70804
(225) 342-5500
COUNSEL FOR INTERVENOR/RESPONDENT:
    State of Louisiana through the Office of Conservation,
    and its Commissioner, Richard P. Ieyoub

Phillip E. Foco
John A. Viator
Patrick H. Hunt
Colin P. O'Rourke
Bienvenu, Bonnecoze, Foco, Viator & Holinga, APLLC
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809
(225) 388-5600
COUNSEL FOR DEFENDANT/RESPONDENT:
    Exxon Mobil Oil Corporation
    Mobil Exploration and Producing Southeast, Inc.

Paul J. Hebert
Mark D. Sikes
William H.L. Kaufman
Valerie V. Guidry
Ottinger Hebert, L.L.C.
1313 West Pinhook Road
Lavayette, LA 70503
(337) 232-2606
COUNSEL FOR DEFENDANT/RESPONDENT:
    Pioneer Natural Resources USA, Inc.

Celeste D. Elliott
Shaundra M. Schudmak
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St., Suite 2775
New Orleans, LA 70130
(504) 568-1990
COUNSEL FOR DEFENDANT/RESPONDENT:
    United Specialty Insurance Company

**J. Todd Reeves**
**The Reeves Law Firm, L.L.C.**
**1401 Enclave Parkway, Ste. 400**
**Houston, TX 77077**
**(281) 597-8880**
**COUNSEL FOR DEFENDANT/RESPONDENT:**
**Texas Oil Distribution & Development, Inc.**

**SAVOIE, Judge.**

Relator, Litel Explorations, LLC (Litel), seeks writs from the granting of several motions for partial summary judgment which found that it did not have a right of action to enforce certain obligations.

<u>STATEMENT OF THE CASE</u>

This is a legacy lawsuit that involves two adjacent tracts of land, the Riviana Tract and the Lyon Tract, which are located in Jefferson Davis Parish. Litel acquired ownership of the Riviana Tract in March of 2016 from Jackson Land Company (Jackson).[1] Litel acquired ownership of the Lyon Tract in May of 2016 from Emery Lyon (Emery) and his wife.[2]

Litel filed a suit for damages against thirty-six defendants, including Mobil Oil Exploration & Production Southeast, Inc. (MOEPSI), Apache Corporation of Delaware (Apache), and BP America Production Company (BP). The petition was twice amended. The suit alleged that the two tracts were contaminated by oil and gas exploration and production activities.

In response, MOEPSI filed three motions for partial summary judgment on the issues of lease termination and Litel's right to enforce obligations under: (1) the 1954 Lyon Oil, Gas, and Mineral Lease granted by Ralph R. Lyon and Gilbert Lyon, Sr., to A. B. Crutcher, Jr. (the 1954 Lyon OGML), which was stipulated to have terminated no later than December 1, 1991; (2) the 1953 Oil, Gas, and

---

[1] Jackson obtained ownership of the Riviana Tract by virtue of a cash sale from Riviana Foods, Inc. (Riviana), on October 27, 2010. Riviana reserved a mineral servitude but expressly assigned to Jackson all of its rights to sue for property damage "related to and/or arising from SELLER'S ownership of the Property" and all rights to sue for "violations of obligations imposed by the Louisiana Civil Code."

[2] Emery became the sole owner of the Lyon tract on August 16, 2011, when his brother sold him his undivided one-half interest in the tract.

Mineral Lease from Louisiana State Rice Milling company, Inc., to Louisiana Land & Exploration (the 1953 LRM OGML), which was stipulated to have terminated no later than March 16, 1993; and (3) the 1990 Riviana OGML, which was stipulated to have terminated no later than April 1, 1994. Apache filed a motion for summary judgment on the issues of lease termination and Litel's right to enforce obligations under the 1953 LRM OGML. BP filed motions for partial summary judgment on the issues of lease termination and Litel's right to enforce obligations under the 1953 LRM OGML and the 1954 Lyon OGML.

The motions for partial summary judgment came for hearing on June 12, 2020. The trial court granted the motions in open court. On July 2, 2020, the trial court signed a written judgment that granted the motions and dismissed: (1) all claims asserted by Litel seeking to enforce any obligations owed by MOEPSI, Apache, and BP under the 1953 LRM OGML; (2) all claims asserted by Litel seeking to enforce any obligations owed by MOEPSI and BP under the 1954 Lyon OGML; and (3) all claims asserted by Litel seeking to enforce any obligations owed by MOEPSI under the 1990 Riviana OGML.

Litel timely filed its notice of intent to seek supervisory writs, and the trial court set a return date of July 12, 2020. This writ application was timely filed. MOEPSI filed an opposition to the writ application. Apache and BP filed a joint opposition to the writ application. Litel filed a reply brief.

## SUPERVISORY RELIEF

This matter concerns the granting of three motions for partial summary which dismiss certain claims asserted by Litel, finding that Litel has no right of action to enforce certain obligations against MOEPSI, Apache, and BP. The

2

judgment is, therefore, a partial summary judgment under La.Code Civ.P. art. 1915(B).

We note that writ applications involving the granting of partial summary judgments under Article 1915(B) are routinely denied by this court and remanded to the trial court when there is an adequate remedy through an ordinary appeal, either by obtaining a designation that the partial summary judgment constituted a final judgment under Article 1915(B)(1) for express reasons given or by an appeal following the complete adjudication of the case.[3] *See Spears v. Shelter Mut. Ins. Co.*, 14-1191 (La.App. 3 Cir. 4/1/15), 160 So.3d 631, *writ denied*, 15-872 (La. 6/19/15), 172 So.3d 653. *See also, Terrell v. Town of Lecompte*, 18-1087, p. 1 (La. 9/28/18), 253 So.3d 134, 135, wherein the Louisiana Supreme Court remanded the case to the trial court "for a determination of whether or not this partial summary judgment is a final judgment. If it is certified as a final judgment, then it can be appealed, provided appellate requirements are met. If this partial summary judgment is not designated as a final judgment, then there is an adequate remedy on appeal."

However, we note that if the instant matter proceeds to trial without review of this partial summary judgment, it creates the possibility that a second trial would be necessitated by the reversal of the summary judgment on appeal. As noted by the fourth circuit when the grant of a partial summary judgment came before it on a writ application:

---

[3] It is generally "improper to review the merits of an uncertified partial judgment pursuant to supervisory jurisdiction, without first considering whether the trial court has ruled on the propriety vel non of certification" because this takes away the discretion of the trial court. *Delcambre v. Mancuso*, 18-391, p. 2 (La.App. 3 Cir. 7/18/18) (unpublished opinion), *quoting In re Succession of Grimmett*, 31,795, 32,364, p. 6 (La.App. 2 Cir. 3/5/99), 738 So.2d 27, 31.

> Since a court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, the issue of whether this Court should exercise its supervisory jurisdiction to review such judgments appears to be left to the sound discretion of the court. *Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc*., 396 So.2d 878 (La.1981).

*Christiana v. S. Baptist Hosp.*, 03-1880, p. 4 (La.App. 4 Cir. 2/4/04), 867 So.2d 809, 811-812 (footnotes omitted).

Furthermore, in *Trapp v. Allstate Prop. & Cas. Ins. Co.*, 18-544, p. 1 (La.App. 3 Cir. 9/19/18), 255 So.3d 639, 640 (footnote omitted), just prior to the Louisiana Supreme Court's ruling in *Terrell*, 253 So.3d 134, this court granted a rehearing to consider the writ application on its merits, noting in its written opinion "that the [granted] partial summary judgment on liability did not constitute an appealable judgment because it was not certified as a final judgment by the trial court pursuant to La.Code Civ.P. art. 1915(B)."

Therefore, we will consider the merits of this writ application to avoid the possibilities of a potentially useless trial, fragmented and multiple appeals, and additional appeal delays.

## ON THE MERITS

This court reviews "a district court's grant of summary judgment *de novo*, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant." *Keeven v. Wen-Star, Inc.*, 17-453, p. 3 (La.App. 3 Cir. 12/6/17), 258 So.3d 617, 620.

Litel stipulated that the 1953 LRM OGML terminated no later than March 16, 1993, that the 1954 Lyon OGML terminated no later than December 1, 1991, and that the 1990 Riviana OGML terminated no later than April 1, 1994. Thus all of these leases terminated prior to Litel's taking ownership of the property.

MOEPSI, Apache, and BP, quoting *Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.*, 10-2267, 10-2272, 10-2275, 10-2279, 10-2289, p.8 (La. 10/25/11), 79 So.3d 246, 256-257, assert that under the subsequent purchaser doctrine, Litel "has no right or actual interest in recovering from a third party for damage which was inflicted on the property before his purchase, in the absence of an assignment or subrogation of the rights belonging to the owner of the property when the damage was inflicted." "[T]he subsequent purchaser rule applies to mineral leases." *Grace Ranch, LLC v. BP Am. Prod. Co.*, 17-1144, p. 7 (La.App. 3 Cir. 7/18/18), 252 So.3d 546, 552, *writ denied*, 18-1655 (La. 2/18/19), 264 So.3d 450, citing *Walton v. Exxon Mobil Corp*, 49,569 (La.App 2 Cir. 2/26/15), 162 So.3d 490, *writ denied*, 15-569 (La. 11/16/15), 184 So.3d 25, and *Global Marketing Solutions, LLC v. Blue Mill Farms, Inc.*, 13-2132 (La.App. 1 Cir. 9/19/14), 153 So.3d 1209, *writ denied*, 14-2572 (La. 4/23/15), 173 So.3d 1164. It is "impossible to transfer rights to an assignee under an expired mineral lease." *LeJeune Bros., Inc. v. Goodrich Petroleum Co., LLC*, 06-1557, p. 6 (La.App. 3 Cir. 11/28/07), 981 So.2d 23, 28, *writ denied*, 08-298 (La. 4/4/08), 978 So.2d 327.

MOEPSI points out that it is undisputed that Riviana did not assign to Jackson any personal rights to sue under the 1953 LRM OGML or the 1990 Riviana OGML such that Litel has no right of action to enforce any obligations owed under those leases absent assignment of those leases. Jackson could not assign any rights to Litel it did not possess. Further, MOEPSI alleges that Gilbert signed two separate releases that waived and released any such rights decades before the Lyon Tract was sold to Litel.

5

Apache and BP allege that Litel is asking this court "to create a new restoration obligation on mineral leases in Louisiana, which would arise whenever a mineral lessor divests himself of surface rights and keeps a mineral servitude."

Litel states that:

> [t]he surface owner and mineral lessor are often the same person, and if so, the rights of the surface owner are governed by the terms of the mineral lease contract and the obligations imposed by the Civil Code on the parties to the lease. However, when the minerals are severed from the service before the mineral lease is granted, or when the surface is sold or transferred after the mineral lease is granted, the surface owner and mineral lessor are not the same person. In these circumstances, a surface owner does not own the right of action to sue directly on [the] mineral lease contract itself, the surface owner nonetheless has the right to seek restoration under the personal servitude articles of the Civil Code.

Apache and BP note that Litel does not explain why a mineral lessor should be permitted to unilaterally impose an unending restoration obligation that is far beyond the scope of the mineral lease itself.

MOEPSI alleges that Litel fails to present any basis for this court to grant writs. In fact, Litel acknowledges that its "arguments are contrary to the Third Circuit jurisprudence" but submits that there is a conflict between the third and second circuits. The second circuit case is *Walton v. Exxon Mobil Corp.*, 49,569 (La.App. 2 Cir. 2/26/15), 162 So.3d 490. However, the *Walton* case affirmed the dismissal of all claims seeking to enforce obligations owed under mineral leases that terminated prior to the date that the plaintiffs purchased the property and for which there was no valid assignment. There were other claims that were not dismissed since there were existing mineral servitudes and leases. Thus, as pointed out by MOEPSI, there is no conflict between *Walton* and *Grace Ranch*, 252 So.3d 546.

6

*Grace Ranch*, 252 So.3d 546, is this court's most recent pronouncement on the issue and involved the same argument and the same attorneys involved in the case at bar. Grace Ranch argued that the trial court erred in dismissing its claims based on the subsequent purchaser rule and contended that *Eagle Pipe* was inapplicable because it involved a surface lease rather than a mineral lease. In dismissing this argument, this court stated: "Our review of post-Eagle Pipe jurisprudence reveals that the subsequent purchaser rule has been applied to mineral leases." *Grace Ranch*, 252 So.3d at 551. The court went on to say that "the right to sue for pre-acquisition damages is a personal right of action that a subsequent purchaser cannot acquire without an assignment or subrogation of rights." *Id*. at 555.

Based on this court's ruling in *LeJeune Bros*., 981 So.2d at 28, that it is "impossible to transfer rights to an assignee under an expired mineral lease," and Litel's stipulation that all of the leases terminated prior to their taking ownership of the Riviana Tract and the Lyon Tract, we conclude that the trial court did not err in granting the motions for summary judgment in this this case. Therefore, having found no error in the trial court's ruling, we deny Litel's writ application in this matter.

**WRIT DENIED**.